IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD L. COLLICK, | § | |
| | § | |
| Defendant Below, | § | No. 444, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID No. 0808007632 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: February 23, 2015
Decided: March 17, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 17th day of March 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Edward L. Collick, filed this appeal from the Superior Court's July 25, 2014 order sentencing him for his violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Collick's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)     The record reflects that, October 2008, Collick pled guilty to Burglary in the Third Degree and Conspiracy in the Third Degree. Collick was sentenced as follows: (i) for Burglary in the Third Degree, two years of Level V incarceration, with credit for four days previously served, suspended for one year of Level III probation; and (ii) for Conspiracy in the Third Degree, thirty days of Level V incarceration, suspended for one year of Level III probation.

(3)     In November 2008, Collick pled guilty to Possession with Intent to Deliver Cocaine ("PWID"). Collick was sentenced to eight years of Level V incarceration, suspended after two years for eighteen months of Level III probation. This sentence was deferred for Collick's successful completion of the Boot Camp program, followed by eighteen months of Level III Aftercare. The Level III probation in the October 2008 sentencing order was deferred until Collick completed the Boot Camp program. Collick did not appeal the October 2008 or November 2008 sentencing orders.

(4)     In September 2010, a capias issued for Collick's VOP during his Level III Aftercare probation. The capias was returned in August 2011. The VOP report alleged that Collick had failed to report to his probation officer three times, violated his curfew, and was terminated from the Boot Camp Aftercare Program.

(5)     After a hearing on September 9, 2011, the Superior Court found that Collick had violated his probation. Sentencing was deferred until September 15,

2

2011 so Collick's credit time could be calculated. On September 15, 2011, Collick was sentenced as follows: (i) for PWID, eight years of Level V incarceration, with credit for nine months previously served, suspended after two years for eighteen months of Level III probation; (ii) for Burglary in the Third Degree, eighteen months of Level V incarceration, suspended for one year of Level III probation; and (iii) for Conspiracy in the Third Degree, discharged as unimproved. On September 28, 2011, the sentence was corrected to include restitution of $40 to the Delaware State Police. Collick did not appeal the September 2011 orders.

(6)　　In March 2013, a capias issued for Collick's VOP. The VOP report alleged that Collick had failed to report to his probation officer three times, admitted to using marijuana, and violated his curfew. The capias was returned in June 2014. A supplemental VOP report alleged that, in addition to absconding from probation in 2013, Collick was arrested in June 2014 and found with suspected drugs in his possession.

(7)　　After a hearing on July 25, 2014, the Superior Court found that Collick had violated his probation. Collick was sentenced as follows: (i) for PWID, five years of Level V incarceration, suspended after three years for one year of Level IV Home Confinement, followed by one year of Level III probation; (ii) for Burglary in the Third Degree, eighteen months of Level V incarceration,

3

suspended for one year of Level IV Home Confinement, followed by one year of Level III probation. This appeal followed.

(8)   In his opening brief on appeal, Collick seems to claim that he could not be sentenced for a VOP in connection with his PWID conviction because the September 15, 2011 and September 28, 2011 sentencing orders incorrectly state that he was sentenced to eighteen months of Level III probation after serving two years of Level V time for PWID. According to Collick, the Superior Court actually sentenced Collick on September 15, 2011 to two years of Level V incarceration with no probation to follow for PWID. Based on this claim, Collick argues that he was not really on Level III probation in 2013 for PWID and therefore could not have committed or been sentenced for a VOP in connection with his PWID conviction. Collick requested a transcript of the September 15, 2011 sentencing hearing,[2] but a transcript could not be prepared because the FTR Gold recording system malfunctioned and there was no recording.

(9)   Having carefully reviewed the record, we conclude that Collick's claim is without merit. As reflected in the November 2008 sentencing order, the PWID sentence of eight years of Level V incarceration, suspended after two years for eighteen months of Level III probation, was deferred for Collick's successful

---

[2] The docket and record do not reflect that Collick requested a transcript of the September 9, 2011 hearing or the July 25, 2014 hearing.

4

completion of the Boot Camp program and eighteen months of Level III Aftercare. If Collick failed to complete the Boot Camp program or violated the Level III probation, then the deferred sentence would be reinstated. The transcript of the November 2008 hearing reflects that Collick understood the deferred PWID sentence would be reinstated if he failed to complete the Boot Camp program or committed a VOP during the eighteen months of Level III Aftercare.

(10) Collick's VOP during the eighteen months of Level III Aftercare led to the Superior Court reinstating the deferred PWID sentence, which included eighteen months of Level III probation, in September 2011. The September 2011 sentencing orders, unlike Collick's contentions regarding his September 2011 sentence, are consistent with the terms of the November 2008 sentencing order. Once Collick committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Collick's sentence for his PWID conviction.[3] The Level V sentence imposed by the Superior Court after Collick's VOP for the PWID conviction—five years of Level V incarceration, suspended after three years for one year of Level IV Home Confinement, followed by one year of Level III probation—did not exceed the five years of Level V time previously suspended and was within statutory limits. The Superior Court did not err in sentencing Collick for his VOP.

---

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

5

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice