IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XAVIER J. McGHEE, | § | |
| | § | |
| Defendant Below, | § | No. 143, 2015 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID No. 1204008883 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 21, 2015
Decided:    July 2, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 2nd day of July 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Xavier J. McGhee, filed this appeal from the Superior Court's March 3, 2015 order sentencing him for his violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of McGhee's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2)     The record reflects that, in June 2012, McGhee pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP Case"). McGhee was sentenced to five years of Level V incarceration, suspended for one year of Level III probation. McGhee did not appeal the Superior Court's judgment.

(3)     In March 2013, McGhee was charged with a VOP. It was alleged that McGhee had violated his probation by committing new criminal offenses. McGhee had been arrested for, among other things, Resisting Arrest.

(4)     In April 2013, McGhee pled guilty to Resisting Arrest ("Resisting Arrest Case"). McGhee was sentenced to two years of Level V incarceration, suspended for one year of Level III probation. The Superior Court also found that McGhee had violated his probation in the PFBPP Case and sentenced McGhee to five years of Level V incarceration, suspended after five months for one year of Level III probation. McGhee did not appeal the Superior Court's judgment.

(5)     In April 2014, McGhee was charged with a VOP in the PFBPP Case and the Resisting Arrest Case. It was alleged that McGhee had violated his probation by committing new criminal offenses, failing to report to his probation officer, possessing marijuana, and violating his curfew. The Superior Court found that McGhee had violated his probation in the PFBPP Case and the Resisting Arrest Case. In the PFBPP Case, McGhee was sentenced to four years and seven months of Level V incarceration, suspended after seven months for decreasing

2

levels of supervision.    In the Resisting Arrest Case, McGhee was sentenced to two years of Level V incarceration, suspended for one year of Level III probation. McGhee did not appeal the Superior Court's judgment.

(6)    In February 2015, McGhee was charged with another VOP in the PFBPP Case and the Resisting Arrest Case.  At that time, McGhee was serving his Level IV time at Plummer Community Correction Center.  It was alleged that McGhee hit an older inmate who suffered from physical and mental health issues with a pillow, threw the inmate's bedding into a hallway, lied about his actions, and tested positive for marijuana.

(7)    A VOP hearing was held on March 3, 2015.  The Superior Court found that McGhee had violated his probation in the PFBPP Case and the Resisting Arrest Case.  In the PFBPP Case, McGhee was sentenced to four years of Level V incarceration, suspended after ninety days for decreasing levels of supervision.    In the Resisting Arrest Case, McGhee was sentenced to two years of Level V incarceration, suspended for one year of Level III probation.  This appeal followed.

(8)    On appeal, McGhee contends that: (i) the probation officer misstated evidence, gave false testimony, and improperly testified as an expert witness; (ii) the victim did not appear at the hearing and the State failed to introduce evidence regarding the VOP; (iii) the Superior Court sentenced McGhee for a technical VOP

3

with a closed mind and imposed an excessive sentence in the PFBPP Case;[2] and (iv) the Superior Court should not have found he violated his probation by committing a new criminal offense, because he was not charged with a new criminal offense.

(9) Contrary to McGhee's contentions, there is no indication in the record that his VOP was based upon him committing a new criminal offense. It was alleged that McGhee hit another inmate, threw the inmate's bedding into a hallway, lied about his actions, and tested positive for marijuana while he was at Plummer Community Correction Center. McGhee does not dispute that he tested positive for marijuana and indicates that he admitted at the VOP hearing to using marijuana. Although McGhee characterizes the positive drug test as a "technical violation,"[3] he does not dispute that the positive drug test constituted a violation of his probation.

(10) Once McGhee committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on McGhee's sentences.[4] The Level V sentence imposed by the Superior Court after McGhee's VOP in the PFBPP Case—four years of Level V

---

[2] McGhee does not challenge the sentence imposed in the Resisting Arrest Case.

[3] Appellant's Opening Brief at 6.

[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4

incarceration suspended after ninety days—did not exceed the four years of Level V time previously suspended, was within statutory limits, and does not reflect a closed mind by the sentencing judge.[5]

(11)   We do not have an adequate basis to review McGhee's remaining claims because, contrary to his statement that a transcript of the VOP hearing was attached to his opening brief, McGhee failed to provide the Court with a transcript. In his notice of appeal, McGhee did not designate a transcript and stated that no transcript was necessary.   The failure to include adequate transcripts of the proceedings, as required by the rules of this Court, precludes appellate review of a defendant's claims of error in the proceeding below.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Karen L. Valihura
Justice

---

[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[6] *Davis v. State*, 2013 WL 3807819, at *1 (Del. July 17, 2013); *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).