IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAWRENCE D. GRIMM, § 
§ 
Defendant Below, § No. 55, 2018 
Appellant, § 
§ Court Below—Superior Court 
v. § of the State of Delaware 
§ 
STATE OF DELAWARE, § Cr. ID Nos. 1608020713 & 
§ 1701007271 (K) 
Plaintiff Below, § 
Appellee. §

Submitted: March 20, 2018
Decided: April 13, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

# **O R D E R**

This 13th day of April 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Lawrence D. Grimm, filed this appeal from the Superior Court's January 2, 2018 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Grimm's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, in March 2017, Grimm resolved two different criminal cases by pleading guilty to Operating a Clandestine Laboratory and Theft

Over $1,500. Grimm was sentenced as follows: (i) for Operating a Clandestine Laboratory, effective January 13, 2017, eight years of Level V incarceration suspended after six months for one year of Level III probation; and (ii) for Theft Over $1,500, two years of Level V incarceration, suspended for one year of Level III probation. Grimm did not appeal the Superior Court's judgment.

(3) On July 18, 2017, a capias was issued for Grimm's VOP. The VOP report alleged that Grimm had violated his probation by failing to report to Maryland to resolve an outstanding capias as directed by his probation officer and failing to report to his probation officer on a weekly basis. After a hearing on January 2, 2018, the Superior Court found that Grimm had violated his probation. The Superior Court sentenced Grimm for his VOP as follows: (i) for Operating a Clandestine Laboratory, effective November 29, 2017, seven years and six months of Level V incarceration, suspended after six months for one year of Level III probation; and (ii) for Theft Over $1,500, two years of Level V incarceration, suspended for one year of Level III probation. This appeal followed.

(4) In his opening brief on appeal, Grimm argues that: (i) the Level V time imposed for his VOP exceeded the guidelines established by the Sentencing Accountability Commission ("SENTAC"); (ii) the Superior Court judge was vindictive and close-minded in sentencing him for his VOP; (iii) his probation officer engaged in misconduct at the VOP hearing; and (iv) incarceration and

probation do not help his phobias regarding detention and strangers intruding in his space. Grimm does not dispute that he violated his probation.

(5) None of Grimm's claims have merit. First, it is well-settled that the SENTAC guidelines are voluntary and do not provide a basis for appeal of a sentence that is within the authorized statutory limits.[1] Second, the Court has no adequate basis to review Grimm's claims that the Superior Court judge was biased or that his probation officer engaged in misconduct at the VOP hearing. As the appealing party, Grimm was required to—but did not—request a transcript of the January 2, 2018 VOP hearing for this appeal.[2] In the absence of the transcript, the Court cannot review Grimm's claims regarding the Superior Court judge's alleged bias or the alleged misconduct of the probation officer at the VOP hearing.[3]

(6) Finally, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[4] Once Grimm committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on

---

[1] *Siple v. State*, 701 A.2d 79, 83 (Del. 1997).

[2] Supr. Ct. R. 14(e) ("Unless otherwise ordered by the Court, the appellant's appendix shall contain such portions of the trial transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and must include a transcript of all evidence relevant to the challenged finding or conclusion."). *See also Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).

[3] *See, e.g., Rittenhouse v. State*, 2014 WL 5690489, at *2 (Del. Nov. 3, 2014) ("In the absence of a transcript, we cannot evaluate a claim that the sentencing judge relied on impermissible factors or exhibited a closed mind.").

[4] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

Grimm's sentences.[5] The Level V sentence imposed by the Superior Court after Grimm's VOP did not exceed the Level V time previously suspended and was within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).