IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EDWARD J. POTTS, | § | |
| | § | |
| Defendant Below, | § | No. 111, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1512008354 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 4, 2018
Decided: June 26, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 26th day of June 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Edward J. Potts, filed this appeal from the Superior Court's February 12, 2018 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Potts' opening brief that the appeal is without merit. We agree and affirm.

(2)     The record reflects that, on August 1, 2016, Potts pled guilty to his fifth Driving Under the Influence offense. The Superior Court sentenced Potts to five

years of Level V incarceration, suspended after eighteen months for one year of Level III probation. Sentencing conditions included Potts' maintaining sobriety for at least ninety consecutive days, completing a substance abuse program, and participating in periodic, random breath and urine analysis throughout his probation.

(3) On January 18, 2018, an administrative warrant was filed. The warrant alleged that Potts had violated his probation by twice testing positive for cocaine and once testing positive for alcohol and cocaine. The warrant also alleged that Potts admitted to drinking beer in December 2017. On February 12, 2018, the Superior Court found Potts had violated his probation. The Superior Court sentenced Potts to three years and six months of Level V incarceration, suspended for one year of Level IV Crest, suspended upon successful completion for one year of Level III Crest Aftercare. This appeal followed.

(4) In his opening brief on appeal, Potts argues that his probation officer did not tell him that two of his urine tests were positive. Potts also argues that he should have been charged with a violation before his conditional release expired because he could have completed his conditional release time at Level V without having to complete Level IV Crest. Potts' claims are without merit.

(5) Potts admits that he consumed alcohol and drugs in violation of the terms of his probation. As to his conditional release claim, conditional release and

probation are served concurrently.[1] "When adjudicating an alleged VOP, it makes no difference if an offender was on conditional release at the time of the alleged violation of supervision."[2] Once Potts committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Potts' sentence.[3] The sentence imposed by the Superior Court after Potts' VOP did not exceed the Level V time previously suspended and was within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[1] 11 *Del. C.* § 4383(c).

[2] *Oliver v. State*, 2015 WL 179390, at *1 (Del. Jan. 14, 2015) (citing *Cannon v. State*, 2012 WL 1970102 (Del. June 1, 2012)).

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).