IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| NEKI T. GIBBS, | § | |
| | § | No. 115, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0301020856 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 5, 2018
Decided: August 7, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

(1)    The appellant, Neki T. Gibbs, filed this appeal from a sentence imposed on February 7, 2018 for a violation of probation ("VOP"). The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Gibbs' opening brief that the appeal is without merit. We agree and affirm.

(2)    In 2003, Gibbs pleaded guilty to two counts of third-degree rape as lesser-included offenses of first-degree rape. In exchange for the guilty plea, the State voluntarily dismissed an additional first-degree rape charge and charges of second-degree rape, second-degree kidnapping, and three weapon offenses. On October 10, 2003, after a presentence investigation, the Superior Court sentenced

Gibbs to a total of twenty years of Level V incarceration suspended after sixteen years for Level III probation. As special conditions of the sentence, the Superior Court ordered Gibbs to undergo a mental health evaluation and to participate in all recommendations for counseling and treatment.

(3) In January and February 2018, Gibbs' probation officer filed a VOP report and supplemental report charging Gibbs with a VOP for having tested positive for cocaine and heroin in January 2018 and for having been discharged from a sex offender therapy group in December 2017 for failing to attend sessions. At the VOP hearing on February 7, 2018, Gibbs admitted that he violated probation by using illegal drugs and failing to attend the mandatory therapy sessions. The Superior Court found Gibbs guilty of VOP and sentenced him to four years of Level V incarceration with no probation to follow.[1]

(4) In March 2018, Gibbs filed this appeal from the VOP sentence. He also filed a motion for a modification of sentence in the Superior Court. On appeal, and in his Superior Court motion, Gibbs argues that the VOP sentence imposed on February 7, 2018 was excessively harsh, and he complains that the sentence did not order that he receive drug treatment while he is incarcerated. On March 29, 2018, the Superior Court issued an order deferring consideration of Gibbs' motion for

---

[1] On April 6, 2018, the Superior Court corrected the February 7, 2018 sentence to include the statutorily-required six-month period of supervision to facilitate Gibbs' transition back into society. 11 *Del. C.* § 4204(l).

modification of sentence until after Gibbs' appeal of the VOP sentence has concluded.

(5)     Appellate review of a sentence is limited to a determination of whether the sentence is within statutory limits.[2]  When sentencing a defendant for a VOP, 11 *Del. C.* § 4334(c) authorizes the Superior Court to impose any period of incarceration—up to and including the balance of incarceration remaining on the original sentence—so long as the defendant is given credit for all incarceration previously served and the sentence does not exceed the incarceration that a prior sentence left suspended.[3]  In this case, the record does not reflect, and Gibbs does not allege, that the VOP sentence exceeded statutory limits or the balance of incarceration remaining on the sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] *Woods v. State*, 2018 WL 1677240 (Del. April 5, 2018) (citing *Mayes v. State*, 604A.2d 839, 842 (Del. 1992)).

[3] *Pavulak v. State*, 880 A.2d 1044, 1045, 1046 (Del. 2005) (quoting and interpreting 11 *Del. C.* § 4334(c)).