IN THE SUPREME COURT OF THE STATE OF DELAWARE

ARTHUR L. SHOATES, § 
§ 
Defendant Below, § No. 148, 2018
Appellant, § 
§ Court Below—Superior Court
v. § of the State of Delaware
§ 
STATE OF DELAWARE, § Cr. ID Nos. 1310010692,
§ 11402002877 (K)
Plaintiff Below, § 
Appellee. § 

Submitted: July 19, 2018
Decided: August 14, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## O R D E R

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, the Court concludes that:

(1) The appellant, Arthur L. Shoates, filed this appeal from the Superior Court's February 26, 2018 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Shoates' opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that, on June 19, 2017, Shoates resolved two different cases by pleading guilty to his third Driving Under the Influence offense and Carrying a Concealed Deadly Instrument ("CCDI"). The Superior Court

sentenced Shoates as follows: (i) for Driving Under the Influence, effective June 1, 2017, two years of Level V incarceration, suspended after three months and completion of the Level V Reflections Program, followed by one year of Level II probation; and (ii) for CCDI, one year of Level V incarceration, suspended for one year of Level II probation. The sentence included a zero tolerance for alcohol condition and a requirement that Shoates maintain a period of sobriety not less than 90 consecutive days as measured by a transdermal alcohol device or periodic breath or urine analysis. On August 24, 2017, the Superior Court modified the Driving Under the Influence sentence to one year and nine months of Level V incarceration, suspended immediately for three months Level IV Home Confinement and successful completion of an Intensive Outpatient Program, followed by one year of Level III probation. The zero tolerance for alcohol condition and 90-day sobriety period remained in effect.

(3) On February 7, 2018, an administrative warrant was filed for Shoates' VOP. The VOP report alleged that Shoates violated the terms of his probation and sentence by testing positive for alcohol and marijuana in January. After a VOP hearing on February 26, 2018, the Superior Court found that Shoates had violated his probation. The Superior Court sentenced Shoates as follows: (i) for Driving Under the Influence, effective February 6, 3018, one year and nine months of Level V incarceration, suspended immediately for one year of Level III Intensive

2

Outpatient Treatment Program; and (ii) for CCDI, one year of Level V incarceration, suspended for one year of Level III Intensive Outpatient Treatment Program. This appeal followed.

(4) In his opening brief, Shoates objects to his VOP sentence on the grounds of over-sentencing. He also contends that a probation officer's statement at the VOP hearing that he used the transdermal alcohol device as a crutch to stay clean was unfair because he only used alcohol and marijuana once on New Year's Eve under the mistaken belief that he would not be violated for one positive urine sample. Shoates does not dispute that he violated his probation by consuming alcohol and marijuana.

(5) This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[1] Once Shoates committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Shoates' sentence.[2] The Level V sentence imposed and immediately suspended by the Superior Court after Shoates' VOP did not exceed the Level V time previously suspended and was within statutory limits. As to the probation officer's statement at the VOP hearing, that statement was not unreasonable given the nature of Shoates'

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

crimes (a third DUI offense) and his consumption of alcohol shortly after he stopped wearing a transdermal alcohol device, while he was still subject to a zero tolerance for alcohol condition.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

4