IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| VICTOR ADAMS, | § | |
| | § | No. 319, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1109011709A (S) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 7, 2018
Decided:    January 23, 2019

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## O R D E R

(1)    The appellant, Victor Adams, filed this appeal from the sentence imposed on May 24, 2018 for his fourth violation of probation ("VOP").[1] On appeal, Adams contends that the Superior Court did not credit him for fourteen days he was held in default of bail before the May 24, 2018 VOP proceeding. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Adams' opening brief that the appeal is without merit. We agree and affirm.

---

[1] The sentence imposed on May 24, 2018 was ordered discharged after Adams has served nine months at Level V.

(2)	At the time of the May 24, 2018 hearing for his fourth VOP, Adams was serving the sentence, imposed on November 17, 2017, for his third VOP. For the third VOP, the Superior Court sentenced Adams to four years of Level V incarceration, suspended after four days for one year of Level II probation.

(3)	Appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[2] When sentencing a defendant for a VOP, 11 *Del. C.* § 4334(c) authorizes the Superior Court to impose any period of incarceration—up to and including the balance of incarceration remaining on the original sentence—so long as the defendant is given credit for all incarceration previously served and the sentence does not exceed the incarceration that a prior iteration of the sentence left suspended.[3]

(4)	In this case, the record does not reflect that the sentence imposed on May 24, 2018 exceeded statutory limits. Adams was entitled to time-served credit for the fourteen days he was held in default of bail before his VOP hearing and sentencing on May 24, 2018.[4] But he received that credit—and more—when the Superior Court sentenced him to only three years and six months of the nearly four

---

[2] *Shoates v. State*, 2018 WL 3912033 (Del. Aug. 14, 2018) (citing *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006)).

[3] *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[4] *Richardson v. State*, 2002 WL 972233 (Del. May 9, 2002) (citing 11 *Del. C.* § 3901(c)).

years of unexpired Level V time that remained from the sentence imposed on November 17, 2017 for his third VOP.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice