# IN THE SUPREME COURT OF THE STATE OF DELAWARE

TIMOTHY RIPPEL,[1]         §
                                     §

     Defendant Below,          §   No. 397, 2019
     Appellant,                §
                                       §   Court Below—Superior Court
     v.                         §   of the State of Delaware
                                       §
STATE OF DELAWARE,      §   Cr. ID. No. 1512000715
                                       §
     Plaintiff Below,           §
     Appellee.                §

Submitted: November 13, 2019
Decided: January 7, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Timothy Rippel, filed this appeal from the Superior Court's August 30, 2019 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Rippel's opening brief that the appeal is without merit. We agree and affirm.

---

[1] In the Superior Court documents, the appellant's last name is spelled Rippell. The appellant spells it Rippel in his notice of appeal. The State's motion to affirm also refers to him as Rippel.

(2)     The record reflects that, in June 2016, Rippel pled guilty to possession of a firearm during the commission of a felony ("PFDCF"), attempted second degree robbery, and wearing a disguise during the commission of a felony.  The Superior Court sentenced Rippel as follows: (i) for PFDCF, three years of Level V incarceration (with credit for 95 days previously served) to include completion of the Level V Key program; (ii) for attempted robbery, five years of Level V incarceration, suspended for one year Level IV Residential Substance Abuse Treatment, suspended upon successful completion for two years of Level III probation; and (iii) for disguise, five years of Level V incarceration, suspended for two years of Level III probation.  Rippel did not appeal.

(3)     On August 1, 2019, an administrative warrant was filed for Rippel's VOP.  After a hearing on August 30, 2019, the Superior Court found that Rippel had violated his probation.  The Superior Court sentenced Rippel as follows: (i) for attempted robbery, four years and four months of Level V incarceration, suspended for 120 days of Level IV VOP Center, followed by twenty months of Level III probation; and (ii) for disguise, five years of Level V incarceration, suspended for two years of Level III probation.  This appeal followed.

2

(4)     In his opening brief on appeal, Rippel argues that he should have received credit for 31 days of incarceration[2] and that his counsel was ineffective. We will not consider Rippel's ineffective assistance of counsel claims for the first time on direct appeal.[3]

(5)     This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[4] Once Rippel committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Rippel's sentence.[5]  Time spent at Level V or a Level IV VOP Center is creditable against a Level V VOP sentence.[6]

(6)     For his attempted robbery conviction, Rippel was originally sentenced to five years of Level V incarceration suspended for one year of Level IV Residential Substance Abuse Treatment.  For Rippel's VOP sentence, the Superior Court reduced the Level V time for the armed robbery conviction to four years and four months of Level V incarceration suspended after 120 days at the Level IV VOP Center, followed by twenty months of Level III probation.  The Superior Court noted

---

[2] Like the State, we assume that Rippel is referring to the time he was incarcerated before his VOP hearing.

[3] *See, e.g., Wolford v. State*, 2015 WL 745696, at *2 (Del. Feb. 19, 2015) (declining to consider ineffective assistance of counsel claims in appeal from VOP hearing).

[4] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).

[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[6] *Eley v. State*, 2017 WL 6546971, at *1 (Del. Dec. 21, 2017).

that the Level V time imposed in the VOP sentence for the armed robbery conviction took into consideration all time previously served. The eight-month reduction in Level V time for the armed robbery conviction more than accounted for the 31 days Rippel was incarcerated before his VOP hearing.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice