IN THE SUPREME COURT OF THE STATE OF DELAWARE

| WILLIAM LEWIS, | § | |
|---|---|---|
| | § | |
| Defendant Below, | § | No. 87, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1508004862A (K) and |
| | § | 1803000756 (K) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 25, 2020
Decided: October 12, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the opening brief, motion to affirm, and the record on appeal, it appears to the Court that:

(1)   The defendant below-appellant, William Lewis, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Lewis's opening brief that his appeal is without merit.  We agree and affirm.

(2)   In May 2016, Lewis pleaded guilty to second-degree robbery in Criminal ID No. 1508004862A.  The Superior Court sentenced Lewis, effective

August 14, 2015, to five years of Level V incarceration, suspended after eighteen months for decreasing levels of supervision. In April, July, and December 2018, the Superior Court found that Lewis had violated his probation and sentenced him for those violations.

(3) In April 2018, Lewis pleaded guilty to failure to register as a sex offender in Criminal ID No. 1803000756. The Superior Court sentenced Lewis, effective March 11, 2018, to two years of Level V incarceration, suspended after ninety days for one year of Level III probation.

(4) On August 19, 2019, the Superior Court found that Lewis had violated his probation in Criminal ID Nos. 1508004862A and 1803000756. The Superior Court sentenced Lewis as follows: (i) for second-degree robbery in Criminal ID No. 1508004862A, effective July 29, 2019, two years and four months of Level V incarceration, suspended after ninety days for one year of Level IV Crest, suspended after successful completion of Level IV Crest and five months of Level IV Work Release for one year of Level III GPS; and (ii) for failure to register as a sex offender in Criminal ID No. 1803000756, one year and nine months of Level V incarceration, suspended for one year of Level III GPS.

(5) On January 18, 2020, an administrative warrant was filed for Lewis's VOP. The VOP report alleged that Lewis possessed synthetic marijuana while serving the Level IV Crest portion of his sentence. After a VOP hearing, the

2

Superior Court found that Lewis had violated his probation. The Superior Court sentenced Lewis as follows: (i) for second-degree robbery in Criminal ID No. 1508004862A, effective January 16, 2020, two years and one month of Level V incarceration, suspended after one year and successful completion of a Level V program within the discretion of the Department of Correction ("DOC"), followed by one year of a Level III intensive outpatient treatment program; and (ii) for failure to register as a sex offender in Criminal ID No. 1803000756, one year and nine months of Level V incarceration, suspended for one year of a Level III intensive outpatient treatment program. This appeal followed.

(6) In his opening brief, Lewis does not dispute that he violated his probation. Instead, Lewis asks the Court to reduce the non-suspended portion of his Level V sentence to six months of time served because DOC has suspended all programs in response to COVID-19, his VOP sentence includes Level III intensive outpatient treatment, and he is currently just taking up space and trying not to get sick. Lewis has not stated a basis for reversal of his VOP sentence.

(7) This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[1] Once Lewis committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of Level V time remaining on his

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. July 13, 2006).

3

sentence.[2]  The record does not reflect, and Lewis does not allege, that the VOP sentence exceeded statutory limits or the Level V time previously suspended.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).