**Paul E. PAVULAK, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

No. 20,2005.

Supreme Court of Delaware.

Submitted: July 20, 2005.
Decided: Aug. 8, 2005.

Gregory M. Johnson, Esq., of Wilmington, Delaware, for Appellant.

John Williams, Esq., of the Department of Justice, Dover, Delaware, for Appellee.

Before STEELE, Chief Justice, HOLLAND, JACOBS, RIDGELY, Justices, and NOBLE, Vice Chancellor,[1] constituting the Court en Banc.

RIDGELY, Justice.

The defendant-appellant, Paul E. Pavulak, appeals from a sentence imposed by the Superior Court for a second violation

---

1. Sitting by designation pursuant to Art. IV, § 12 of the Delaware Constitution and Supreme Court Rule 2 and 4.

of probation ("VOP"). The sentence exceeded the sentence imposed after his first VOP that included a reduction of his original suspended sentence of incarceration. We find that the Superior Court erred, as a matter of law, in sentencing Pavulak to a prison term that was longer than the balance of his reduced suspended sentence. Accordingly, we vacate the second VOP sentence and remand this matter for resentencing consistent with this opinion.

### I.

On June 30, 1998, Pavulak pled guilty to two counts of unlawful sexual contact in the second degree, a class G felony.[2] On September 4, 1998, Pavulak was sentenced to four years of incarceration at Level V (two years of incarceration for each count), which was immediately suspended for four years of decreasing levels of probation.

After a hearing on April 11, 2001, the Superior Court found that Pavulak had violated certain conditions of his probation. The Superior Court revoked Pavulak's probation and imposed a modified new total sentence of two years at Level V incarceration, which was suspended after 60 days. The balance of Pavulak's sentence was to be served at Level III probation. Pavulak completed his time at Level V and then resumed serving his probation.

On July 23, 2001, a second VOP report was filed with the Superior Court. Pavulak then fled from Delaware. He was apprehended in Nevada and returned to Delaware for a second VOP hearing which was held on December 16, 2004. The Superior Court found he violated the terms of his probation and imposed a four-year sentence at Level V incarceration, with credit for the 60 days Pavulak had already served. This sentence at Level V was suspended after 24 months for Level III probation. Pavulak then filed this appeal.

### II.

■ Pavulak assigns two errors to his sentence. First, he argues that the Superior Court erred, as a matter of law, in sentencing him to a prison term in excess of the suspended sentence imposed on him for his first VOP. Second, he argues that the Superior Court failed to set forth its basis on the record with particularity for imposing a sentence in excess of the sentencing guidelines. We need not address Pavulak's second argument because our decision on the first issue resolves this appeal.

Our interpretation of the meaning of Title 11, Section 4334(c) determines the outcome of this appeal.[3] Judicial construction of a statute is a determination of law, and the appropriate standard of appellate review is *de novo*.[4] Section 4334(c) provides, "If the violation is established, the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."[5]

---

2. DEL. CODE ANN. tit. 11, § 768 (2005).

3. Pavulak argues that the sentence imposed is unconstitutional. There are conflicting views among federal and state courts about whether an increased sentence following probation revocation violates the double jeopardy clause. *See* Jay M. Zitter, *Propriety of Increased Sentence Following Revocation of Probation*, 23 A.L.R.4th 883 (2005) (collecting federal and state cases). We need not resolve these conflicting views because the statute itself is determinative in this case.

4. *State v. Lewis*, 797 A.2d 1198, 1200–01 (Del. 2002) (citing *Grand Ventures v. Whaley*, 632 A.2d 63, 66 (Del.1993)).

5. DEL. CODE ANN. tit. 11, § 4334(c) (2005).

 The language of the statute is not ambiguous. This Court's role is, therefore, "limited to an application of the literal meaning of the words."[6] Here, the parties agree that the imposition of Pavulak's sentence was not suspended, but rather the execution of his sentence was suspended.[7] Thus, the phrase within the statute stating that the trial court "may impose any sentence which might originally have been imposed" if the imposition of a sentence was suspended is not applicable.[8]

At issue here is what the Superior Court may do when a VOP is found in a case where the execution of a specific sentence of incarceration has been suspended. The statute provides that "the court may continue or revoke the probation or suspension of sentence, and may require the probation violator to serve the sentence imposed, or any lesser sentence...."[9] The record is clear that after Pavulak's first VOP the Superior Court chose to reduce the Level V time that had been suspended for decreasing levels of probation. The Superior Court imposed a modified new sentence of two years at Level V incarceration instead of four years, suspended after 60 days. The balance of the sentence was to be served at Level III probation.

This modified sentence had legal consequences. First, the sentence incarcerated Pavulak. Second, it set the parameters for the amount of additional incarceration Pavulak could be sentenced to serve if he was again found to be in violation of his probation. When Pavulak was found in violation of his probation for the second time, the Superior Court had the authority to impose a Level V sentence up to the balance of the suspended sentence then in effect. The maximum sentence at Level V, which was available, was one year and ten months (i.e., the 2 year sentence at Level V minus the 60 days previously served). The Superior Court, therefore, erred when it imposed more Level V time than remained on Pavulak's suspended Level V sentence.

### III.

The judgement of the Superior Court is reversed and this matter is remanded for resentencing consistent with this opinion.

---

**6.** *Coleman v. State*, 729 A.2d 847, 851 (Del. 1999) (citing *Hudson Farms, Inc. v. McGrellis*, 620 A.2d 215, 217 (Del.1993)).

**7.** The United States Supreme Court, in a case interpreting the federal Probation Act, explained the difference between the statutory authority suspending the imposition of a sentence and suspending the execution of a sentence already imposed. *See Roberts v. United States*, 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943). When a trial court places a defendant on probation and defers or postpones sentencing, the trial court is said to have suspended the imposition of the sentence. *Id.* at 268, 64 S.Ct. 113. When the trial court imposes a fixed definite term of imprisonment but the sentence is suspended for probation, the trial court is said to have suspended the execution of the sentence. *Id.* We cite *Roberts* only to explain the difference between suspending the imposition of a sentence and suspending the execution of a sentence.

**8.** Del. Code Ann. tit. 11, § 4334(c) (2005).

**9.** *Id.* (emphasis added).