IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM D. SMITH, | § | |
| | § | |
| Defendant Below, | § | No. 608, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID No. 1001004287 |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 22, 2014
Decided: January 20, 2015

Before **STRINE**, Chief Justice, **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 20th day of January 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, William Smith, filed this appeal from the Superior Court's October 10, 2014 order sentencing him for his second violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Smith's opening brief that the appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in May 2010, Smith was charged by information with multiple sexual offenses involving a minor, including Rape in the First Degree. On June 9, 2010, Smith pled guilty to one count of Rape in the Fourth Degree. Smith was sentenced to fifteen years of Level V incarceration, with credit for 369 days previously served, suspended after successful completion of the Level V Family Problems program for six months of Level IV Home Confinement, followed by three years of Level III probation. Conditions of the sentence included evaluation for and participation in a sex offenders program deemed appropriate by a probation officer and no contact with any minor under the age of eighteen. Smith did not appeal.

(3) After Smith completed the Level V Family Problems program, his Level IV sentenced was modified to Home Confinement or the VOP center. On January 21, 2014, an administrative warrant was filed for Smith's first VOP. The warrant alleged that a probation officer found a minor in the house during a home visit. On January 30, 2014, the Superior Court found that Smith had violated his probation. Smith was sentenced to twelve years of Level V incarceration, suspended for ninety days at Level IV VOP, followed by three years of Level III probation. Smith did not appeal.

(4) On October 1, 2014, an administrative warrant was filed for Smith's second VOP. The warrant alleged that Smith had been unsuccessfully discharged

2

from a sex offender treatment program and had failed to attend a meeting. The violation report alleged that Smith was late multiple times for sex offender treatment group meetings and had missed multiple group meetings since he was directed to attend weekly group sessions in April 2014. On October 10, 2014, the Superior Court found Smith had violated his probation and sentenced him to eleven years and six months of Level V incarceration, suspended after successful completion of the Level V Transitions Sex Offender Program for three years of Level III probation. This appeal followed.

(5) In his opening brief on appeal, Smith contends that he missed a few mandatory program meetings because he was having problems with medications he was taking for mental disabilities known to the Superior Court and that he should not have been sentenced without a psychological evaluation. These contentions are without merit.

(6) To the extent Smith claims that there was insufficient evidence to support the Superior Court's VOP fining because problems with his medications prevented him from attending mandatory program meetings, the Court has no adequate basis to review this claim. Smith designated a transcript of the October 10, 2014 VOP hearing in his notice of appeal, but did not follow the processes to

obtain a transcript and no transcript provided to the Court.[2] In the absence of a transcript, the Court cannot review a claim of insufficient evidence or of other errors in a VOP hearing.[3] Moreover, Smith admits in his opening brief that he missed mandatory program meetings. Under these circumstances, we conclude that the Superior Court did not err in finding Smith violated his probation.

(7)    As to Smith's claim that he should not have been sentenced for his VOP without a psychological evaluation, he does not identify anything requiring such an evaluation. The Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Smith's sentence.[4] As of January 30, 2014, after his first VOP, Smith was sentenced to twelve years of Level V incarceration, suspended for ninety days at Level IV VOP, followed by three years of Level III probation. On October 10, 2014, after his second VOP, Smith was sentenced to eleven years and six months of Level V

---

[2] With his notice of appeal, Smith filed an on opening brief, directions to the court reporter for transcription of the VOP hearing, and a motion to proceed *in forma pauperis*. The Senior Court Clerk informed Smith by letter that if he wished to designate a transcript at State expense, he needed to: (i) submit an application to the Sussex County Prothonotary's Office and file a copy of the application with the Court by November 12, 2014; and (ii) send a copy of the designation of transcript to the Sussex County Court Reporter's Office and file a proof of service by the Court by November 12, 2014. Smith was told that if he did not comply with these procedures the appeal would proceed without a transcript. No application or proof of service of designation of transcript was filed with the Court.

[3] *Lopez v. State*, 2013 WL 458174, at *1 (Del. Feb. 5, 2013) (citing *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987)).

[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4

incarceration, suspended after successful completion of the Level V Transitions Sex Offender Program for three years of Level III probation. The Level V time in this sentence did not exceed the amount of Level V time previously imposed and was within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice