IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAMIR HUGHES-WARREN, | § | |
| | § | |
| Defendant Below, | § | No. 112, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1505012560 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 13, 2017
Decided: June 8, 2017

Before **STRINE**, Chief Justice; **VALIHURA** and **SEITZ**, Justices.

## O R D E R

This 8th day of June 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The record reflects that, on August 31, 2015, the appellant, Damir Hughes-Warren, pled guilty to one count of Theft: Organized Retail Crime and two counts of Shoplifting Over $1,500. The Superior Court sentenced Hughes-Warren as follows: (i) for Theft: Organized Retail Crime, five years of Level V incarceration, with credit for ninety days previously served, suspended for one year of Level III supervision; and (ii) for each count of Theft Over $1,500, two years of Level V incarceration, suspended for one year of Level III supervision. Hughes-Warren did not appeal the Superior Court's judgment.

(2) In October 2015, Hughes-Warren was charged with his first VOP. On January 15, 2016, the Superior Court found Hughes-Warren violated his probation. The Superior Court sentenced Hughes-Warren as follows: (i) for Theft: Organized Retail Crime, five years of Level V incarceration, with credit for ninety days previously served, suspended for one year of Level IV VOP Center, suspended after thirty days for one year of Level III supervision; and (ii) for each count of Theft Over $1,500, one year of Level V incarceration, suspended for one year of Level III supervision. Hughes-Warren did not appeal the Superior Court's judgment.

(3) On March 30, 2016, the Superior Court reduced the Theft: Organized Retail Crime sentence to four years and seven months of Level V incarceration to give credit for all time Hughes-Warren previously served. The Superior Court removed the Level IV portion of the sentence. The rest of the sentence remained in effect.

(4) In April 2016, Hughes-Warren was charged with his second VOP. On July 22, 2016, the Superior Court found that Hughes-Warren violated his probation. The Superior Court sentenced Hughes-Warren as follows: (i) for Theft: Organized Retail Crime, four years and six months of Level V incarceration, suspended for four years of Level IV VOP Center, suspended after sixty days for one year of Level III supervision; and (ii) for each count of Theft Over $1,500, one year of Level V incarceration, suspended for one year of Level III supervision.

2

(5)     In December 2016, Hughes-Warren was charged with his third VOP. The VOP report alleged that Hughes-Warren had violated his probation by committing new criminal offenses (possession of marijuana in October and driving offenses in December), failing to report police contact within seventy-two hours, failing to report twice to his probation officer, and violating his curfew. The probation officer recommended that if Hughes-Warren was found to have violated his probation, he should be sentenced to four years and six months of Level V incarceration, suspended for six months Level IV Home Confinement or Work Release, followed by one year of Level III supervision for Theft: Organized Retail Crime and one year of Level V incarceration, suspended for one year of Level III supervision for each count of Theft Over $1,500.

(6)     On February 16, 2017, the Superior Court found Hughes-Warren violated his probation. The Superior Court sentenced Hughes-Warren as follows: (i) for Theft: Organized Retail Crime, four years and six months of Level V incarceration, with credit for ten days previously served, suspended after ninety days; and (ii) for one count of Theft Over $1,500, one year of Level V incarceration, suspended after ninety days. The Superior Court discharged Hughes-Warren as unimproved for the other count of Theft Over $1,500. This appeal followed.

(7)     In his opening brief, Hughes-Warren argues he should have been sentenced to less time because the probation officer recommended less time in the

3

VOP report, but then changed the recommendation to more time at the VOP hearing based on Hughes-Warren's arrest for new drug charges in February 2017. According to Hughes-Warren, the State dismissed the October drug charges in March 2017, he resolved the December 2016 driving offenses by paying a fine, and the February 2017 drug charges will be dismissed. Hughes-Warren's claims are without merit.

(8) As the appealing party, Hughes-Warren was required to furnish "a transcript of all evidence relevant to the challenged finding or conclusion."[1] Hughes-Warren failed to request a transcript of the VOP hearing for this appeal. To the extent Hughes-Warren challenges the Superior Court's VOP finding or the Superior Court's reasons for the VOP sentence imposed, we cannot review those claims without a transcript of the hearing.[2] We note that Hughes-Warren does not dispute he failed to report police contact within seventy-two hours, failed to report twice to his probation officer, and violated his curfew as alleged in the VOP report.

(9) Once Hughes-Warren committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[3] For his second VOP, Hughes-Warren was

---

[1] Del. Supr. Ct. R. 14(e).
[2] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).
[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

sentenced as follows: (i) for Theft: Organized Retail Crime, four years and six months of Level V incarceration, suspended for four years of Level IV VOP Center, suspended after sixty days for one year of Level III probation; and (ii) for each Theft Over $1,500 conviction, one year of Level V incarceration, suspended for one year of Level III probation. For his third VOP, Hughes-Warren was sentenced as follows: (i) for Theft: Organized Retail Crime, four years and six months of Level V incarceration, with credit for ten days previously served, suspended after ninety days; and (ii) for one count of Theft Over $1,500, one year of Level V incarceration, suspended after ninety days. Hughes-Warren was discharged as unimproved for the other count of Theft Over $1,500.

(10)  Although the non-suspended Level V portion of Hughes-Warren's third VOP sentence (ninety days of Level V incarceration for Theft: Organized Retail Crime and ninety days of Level V incarceration for one Theft Over $1,500 conviction) did not exceed the balance of Level V time remaining on his sentence, the State notes in its motion to affirm that the four years and six months of Level V time imposed for the Theft: Organized Retail Crime conviction does not appear to account for the sixty days of Level IV VOP Center time Hughes-Warren was previously sentenced to for his second VOP.[4]  As requested by the State, we affirm

---

[4] *Spencer v. State*, 2014 WL 1258301, at *2 (Del. Mar. 25, 2014) ("[A] defendant who is sentenced to serve time at the Level IV VOP Center is entitled to Level V credit against his sentence.").

5

the Superior Court's judgment with respect to Hughes-Warren's claims, but remand for the Superior Court to determine whether Hughes-Warren's sentence for Theft: Organized Retail Crime must be reduced for time he served at the Level IV VOP Center.

NOW, THEREFORE, IT IS ORDERED that this matter is REMANDED to the Superior Court for determination of whether Hughes-Warren's sentence for Theft: Organized Retail Crime must be reduced for time he served at the Level IV VOP Center. In all other respects, the judgment of the Superior Court is AFFIRMED. Jurisdiction is not retained.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice