IN THE SUPREME COURT OF THE STATE OF DELAWARE

WAYNE R. AVERILL, § 
 § 
  Defendant Below, § No. 243, 2018
  Appellant, § 
 § Court Below—Superior Court
  v. § of the State of Delaware
 § 
STATE OF DELAWARE, § Cr. ID No. 9903002064 (N)
 § 
  Plaintiff Below, § 
  Appellee. § 

Submitted: January 25, 2019
Decided: March 26, 2019

Before **STRINE,** Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    The defendant below-appellant, Wayne R. Averill, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). After careful consideration of the parties' arguments, we affirm the Superior Court's judgment.

(2)    In 1999, Averill resolved two different criminal cases by entering guilty pleas. In Criminal ID No. 9809008668, Averill pled guilty to three counts of Indecent Exposure in the First Degree. In Criminal ID No. 9903002064, Averill pled guilty to three counts of Unlawful Intercourse in the Third Degree. Effective

June 21, 1999, the Superior Court sentenced Averill as follows: (i) one year of Level V incarceration for each of the indecent exposure counts; (ii) for the first count of unlawful sexual intercourse, ten years of Level V incarceration suspended after seven years for three years of Level III supervision; and (iii) for the other two counts of unlawful sexual intercourse, ten years of Level V incarceration, suspended for ten years of Level III supervision.

(3) On October 23, 2007, the Superior Court modified these sentences to place Averill, effective immediately, on Level IV work release for six months, followed by two years of Level III probation. On January 16, 2008, the Superior Court entered a modified sentencing order providing that: (i) the one-year sentences for indecent exposure were suspended after time served with no probation to follow; (ii) the ten-year sentence for the first count of unlawful sexual intercourse was suspended after time served for six months of Level IV work release followed by two years of Level III probation; and (iii) the ten-year sentences for the other two counts of unlawful sexual intercourse were suspended for two years of Level III probation.

(4) In the summer and fall of 2008, Averill was arrested on new charges. On February 10, 2009, he pled guilty to Sex Offender Loitering and Unlawful Sexual Conduct in Criminal ID No. 081009749. On September 9, 2009, the Superior Court sentenced Averill, effective October 6, 2008, to three years of Level V incarceration

2

for Sex Offender Loitering and two years of Level V incarceration suspended, after one year for one year of Level IV Home Confinement or Work Release for Unlawful Sexual Conduct. That same day, the Superior Court found Averill had violated his probation in Criminal ID No. 9903002064 and sentenced him as follows: (i) for the first count of unlawful sexual intercourse, ten years of Level V incarceration, with credit for 85 days previously served, suspended after two years for three years of Level III probation; and (ii) for each of the other two counts of unlawful sexual intercourse, ten years of Level V incarceration, suspended after two years for three years of Level III probation. The Superior Court discharged Averill as unimproved on his other convictions.

(5) On January 7, 2014, Averill filed a motion for time previously served. He sought Level V credit for time previously served on his first unlawful sexual intercourse sentence. According to the State's response, Averill was entitled to six years and twenty-eight days of credit toward that sentence for time he served, leaving three years, six months and twenty-eight days left on his sentence. The State noted that the two years of non-suspended Level V time imposed for his VOP on that conviction in September 2009 did not exceed the remaining time.

(6) On April 3, 2014, the Superior Court informed Averill that the Level V time he served had already been credited to Criminal ID No. 081009749 and vacated a March 31, 2014 order that does not appear on the docket or in the record. Averill

3

did not appeal this decision, but did file a motion for reconsideration in October 2015. On November 10, 2015, the Superior Court referred to the April 3, 2014 letter and denied the motion.

(7) It appears that Averill was released to Level IV Home Confinement in February 2017. At that time, he signed special sex offender conditions, which included not possessing sexually explicit material or having any contact with minors. On February 28, 2018, an administrative warrant was returned for Averill's VOP. The warrant alleged that Averill had violated his probation by having contact with a child.

(8) At the first VOP hearing on March 23, 2018, a probation officer testified that he went to Averill's residence for a home visit on February 26, 2018. After fifteen minutes or so, Averill answered the door in a highly intoxicated state. The probation officer said this had happened before while Averill was on Level IV Home Confinement, which is zero tolerance for alcohol. Because he was intoxicated, acted nervous, and could not explain why he took so long to answer the door, the probation officer obtained his supervisor's permission to conduct a search. In looking at Averill's phone, the probation officer saw a video, time-stamped February 25, 2018, that showed Averill sitting next to a shirtless child. There was also a photograph of Averill smoking marijuana and some photographs of synthetic

4

marijuana cigarettes. Averill claimed the child's parent was a friend and the child was only with Averill briefly.

(9) Through his counsel, Averill admitted that he had violated his probation by drinking alcohol and having contact with a child. Averill claimed for the first time that the child was his son, who he learned about for the first time in December 2017. Based on the sex offender treatment that he had already completed and continued to do, his completion of a year of Level IV Home Confinement, his medical record, and his mental health history, Averill argued that he should not be incarcerated for the VOPs. The Superior Court accepted that Averill had admitted to violating his probation, but asked the probation officer to investigate the identity of the child further and the circumstances of his presence in Averill's residence before Averill was sentenced. The Superior Court judge also stated that, because she was presiding over Averill's civil case against former Judge William Bradley, she was going to reassign the VOP to another Superior Court judge. The judge emphasized that she did not believe there was an "out-and-out conflict" requiring her recusal, but that it would be cleaner to separate the civil case and the VOP case.[1]

(10) At the next VOP hearing on April 11, 2018, the probation officer reported that he had spoken to both Averill and the child's mother regarding the child. Based on their conflicting accounts of how long they had dated and Averill's

---

[1] Answering Brief Appendix at B22.

5

confinement history in 2008, the probation officer stated that he did not believe Averill was the child's father and even if he was, he was subject to a no-contact-with-minors condition as part of his probation. The probation officer also stated that during a home visit three days after the last VOP hearing, he found a camcorder with footage of Averill and the child time-stamped March 25th as well as a computer with emails, with sexually explicit attachments, from the child's mother. The probation officer recommended that Averill complete the Level V Transitions program.

(11) Averill admitted that he had violated the court order by having additional contact with the child, but he was excited to be a father, he was preparing the child for his possible incarceration, and if the State really believed that he had abused the child, the State would have had its investigators speak to the child to determine if the child had been abused (the probation officer stated that he had reported the issue to the Child Protective Services). Averill also argued that he could not control what people emailed him and there was no evidence he had opened the sexually explicit emails. Averill personally spoke about his health problems, the fact that his previous victims were female, not male, his treatment efforts, and the sexual abuse he suffered as a child.

(12) The Superior Court found that Averill had violated his probation. For the VOP, Averill was sentenced as follows: (i) for the first count of unlawful sexual intercourse, three years of Level V incarceration, suspended upon successful

completion of the Transitions program, and followed by two years of Level III probation with GPS monitoring; and (ii) for the other two counts of unlawful sexual intercourse, eight years of Level V incarceration suspended for two years of Level III probation. After filing this appeal, Averill filed a motion for modification of sentence and motion for correction of illegal sentence, arguing that he had already completed his ten-year sentence for the first count of unlawful sexual intercourse. The Superior Court deferred ruling on the motions until this appeal is resolved.

(13) On appeal, Averill argues that: (i) the probation officer was not permitted to search his fiancé's camcorder; (ii) the VOP sentence was based on the recommendation of the Superior Court judge who recused herself and should have recused herself earlier in the case; (iii) his VOP hearing should have been held in Mental Health Court and he should have received a lesser sentence based on his history of mental health problems; (iv) after he completes his Level V sentence, he should not be held at Level V until a GPS unit is available; and (v) he has already served all of the Level V time on his first unlawful sexual intercourse sentence. Claims that Averill did not raise in the proceedings below are subject to plain error review.[2] "[T]he doctrine of plain error is limited to material defects which are apparent on the face of the record; which are basic, serious and fundamental in their

[2] Supr. Ct. R. 8.

7

character, and which clearly deprive an accused of a substantial right, or which clearly shows manifest justice."[3]

(14) After careful consideration, we find no merit to Averill's appeal. Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[4] Averill admitted that he violated his probation by drinking and having contact with a child, even after the Superior Court expressed grave concern with this contact at the first VOP hearing. Averill's counseled admission to his VOP constitutes a waiver of his claim that the probation officer illegally searched the camcorder.[5]

(15) The record does not support Averill's claim that the Superior Court sentenced him based on the recommendation of the previous Superior Court judge who reassigned the VOP. According to the transcript of the April 11, 2018 hearing, the Superior Court judge simply relied on the previous judge's calculation of the time Averill had already served to craft Averill's VOP sentence. The Superior Court judge's comments make it clear that she sentenced Averill based on her own personal views of Averill's history and conduct, not the views of the previous judge.[6]

---

[3] *Wainwright v. State,* 504 A.2d 1096, 1100 (Del. Mar. 11, 2019).
[4] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[5] *Thompson v. State*, 2016 WL 4427177, at *2 (Del. Aug. 19, 2016).
[6] *See, e.g.,* Answering Brief Appendix at B33 ("My read on you is that you will say whatever you want to say when you want to say it to try to minimize your own behavior….And so although you are engaged in community treatment and college, all of which I think is applaudable and good, it doesn't really address what is concerning to the Court, which is the fact that despite treatment you are having contact with minors and ignoring court orders…I don't think putting you at—giving

8

(16) As to his claim that his VOP should have been transferred to the Mental Health Court, Averill did not request this below and has not shown that such a transfer was even possible.[7] Averill also claims that the Superior Court ignored his mental health history and treatment in imposing an excessive sentence, but the Superior Court acknowledged his treatment efforts. Averill ignores the Superior Court's understandable concern with his repeated violation of a no-contact-with-minors condition in light of his criminal history. There is no indication in the record that the Superior Court sentenced Averill with a closed mind or considered impermissible factors in imposing his sentence.

(17) Averill next claims that after he completes his Level V sentence, he cannot not be held at Level V until a GPS unit is available. Averill did not raise this claim below so we review for plain error.[8] Given the nature of Averill's crimes and his VOPs, there was no plain error in the imposition of a sentence holding Averill at Level V until a GPS unit was available.

(18) Finally, Averill argues that he has completed the sentence on the first count of unlawful sexual intercourse. He did not raise this claim below so we review

---

you a short period at Level V is going to be helpful and I don't think that putting you in the community is going to be helpful.").

[7] *See* Mental Health Court, http://courts.delaware.gov/superior/mentalhealth/ (providing "[n]ot eligible for the program are defendants charged with sex offenses, homicide, domestic violence, weapons offenses, or offenses involving serious bodily injury" and referring to program "collaborative partnership" of, among others, the Superior Court, Department of Justice, and Office of the Public Defender).

[8] *See supra* n.2.

for plain error.[9] Once Averill committed a VOP, the Superior Court was authorized to impose any period of incarceration up to and including the balance of Level V time remaining on his sentence.[10] As in many cases, the complicated nature of the sentences imposed on Averill makes it difficult for us to determine exactly how much Level V time remains for him on his first sentence for unlawful sexual intercourse. But, the reality is that, in 1999, Averill was sentenced to a total of thirty-three years of Level V time consecutively, has committed several new crimes and VOP violations, and thus we perceive no rational scenario in which Averill is serving Level V time he is not eligible to serve. On his pending motions for modification and correction of sentence, it would be useful if the parties, with the involvement of the Superior Court and Department of Correction, determined with precision exactly what Level V or other time Averill still has to serve on his first sentence for unlawful sexual intercourse, and the balance left on his other convictions.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[9] *See id.*

[10] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 2016 (Del. 2005).

10