IN THE SUPREME COURT OF THE STATE OF DELAWARE

LEROY COOK, SR.,                          §
                                          §
    Defendant Below,                      §   No. 123, 2020
    Appellant,                            §
                                          §   Court Below—Superior Court
    v.                                    §   of the State of Delaware
                                          §
STATE OF DELAWARE,                        §   Cr. ID No. 0608025757 (N)
                                          §
    Plaintiff Below,                      §
    Appellee.                             §

Submitted:  October 19, 2020
Decided:  December 11, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## <u>ORDER</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Leroy Cook, Sr., filed this appeal from the Superior Court's March 4, 2020 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Cook's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, in March 2008, Cook pleaded guilty to second-degree rape. The Superior Court sentenced Cook to twenty-five years of Level V incarceration, suspended after twelve years for thirteen years of Level IV Halfway

House, to be suspended after six months for eighteen months of Level III probation. Cook did not appeal, but did file unsuccessful motions for postconviction relief.[1]

(3)     On September 25, 2019, the Superior Court found that Cook had violated his conditional release and probation. For the conditional release violation, Cook lost his previously earned good time and had to serve the balance of the sentence from which he was released. For the VOP, the Superior Court sentenced Cook to thirteen years of Level V incarceration suspended for eighteen months of Level III GPS.

(4)     On January 29, 2020, the Superior Court found that Cook again violated his probation. The Superior Court sentenced Cook to thirteen years of Level V incarceration, suspended for thirteen years of Level IV VOP, to be suspended after thirty days for twelve years and eleven months of Level III GPS, to be suspended after eighteen months.

(5)     On February 19, 2020, an administrative warrant was filed for Cook's VOP. The warrant alleged that Cook cut off his GPS tracker and absconded from probation. On March 4, 2020, the Superior Court found that Cook had violated his probation. The Superior Court sentenced Cook to thirteen years of Level V incarceration, with seventeen days credit for his time incarcerated before the hearing,

---

[1] *See, e.g., Cook v. State*, 2014 WL 2949413 (Del. June 26, 2014) (affirming the Superior Court's summary dismissal of Cook's sixth motion for postconviction relief).

suspended after eighteen months for six months of Level IV at the Department of Correction's discretion, followed by eighteen months of Level III probation. This appeal followed.

(6)    In his opening brief on appeal, Cook does not dispute his VOP, but argues that all of his VOP sentences were illegal because he was serving a sentence of eighteen months Level III probation at the time of his first VOP and there was no Level V time remaining on his sentence. He also claims that he is entitled to credit for time he served on Level IV Work Release and Home Confinement. These claims are without merit.

(7)    Cook's claim that there was no Level V time remaining on his sentence is incorrect. The Superior Court originally sentenced Cook to twenty-five years of Level V incarceration, suspended after twelve years for decreasing levels of supervision. When Cook was released from prison in 2019, he had thirteen years of suspended Level V time remaining on his sentence. Cook was entitled to credit for time he served at Level V or the Level IV VOP Center, but was not entitled to credit for time he spent at Level IV Work Release or Home Confinement.[2]

(8)    Once Cook committed a VOP, the Superior Court could impose any

---

[2] *Lawley v. State*, 2018 WL 4145879, at *2 (Del. Aug. 28, 2018) (recognizing that the defendant was not entitled to Level V credit for time at Level IV Crest and Work Release); *Eley v. State*, 2017 WL 6546971, at *1 (Del. Dec. 21, 2017) (recognizing that the defendant was only entitled to credit for time he served at Level V or Level IV VOP Center, not time he served at Level IV Home Confinement).

3

period of incarceration up to and including the balance of the Level V time remaining on Cook's sentence.[3] For Cook's third VOP, the Superior Court sentenced him to thirteen years of Level V incarceration, with seventeen days credit for his time incarcerated before the hearing, suspended after eighteen months for six months of Level IV at the Department of Correction's discretion, followed by eighteen months of Level III probation. The eighteen months of non-suspended Level V time does not exceed the Level V time previously suspended and was within statutory limits.

(9)    It does appear, however, that the thirteen-year Level V sentence imposed by the Superior Court failed to credit Cook for the time he served at the Level IV Center after his second VOP. This matter shall be remanded to the Superior Court for the sole purpose of reducing the thirteen-year Level V sentence imposed by the time Cook spent at the Level VOP Center after his second VOP. Otherwise, the Superior Court's judgment is affirmed.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The case is remanded to the Superior Court for corrective action consistent with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

4