IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WARDELL GILES, | § | |
| | § | No. 8, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1908000938 (S) |
| Appellee. | § | |

Submitted: July 8, 2022
Decided: August 22, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)     Wardell Giles filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").   We affirm the Superior Court's finding that Giles violated the terms of his probation.  But, because the Level III portion of Giles's sentence exceeds one year in violation of 11 *Del. C.* § 4333(b)(3), we vacate the sentencing order and remand for resentencing.

(2)     On February 7, 2020, Giles pleaded guilty of one count of theft of a motor vehicle.  The Superior Court sentenced Giles to two years of incarceration,

suspended for six months of home confinement followed by one year of Level III probation. Giles did not appeal.

(3) On July 14, 2020, the Superior Court found that Giles had violated the terms of his probation and resentenced him to one year and ten months of incarceration, suspended for eighteen months of Level III probation. Giles did not appeal.

(4) In March 2021, Giles's probation officer filed a VOP report, alleging that Giles had violated the terms of his probation by committing a new criminal offense, failing to report his arrest for the new charge to his probation officer, failing to report to probation, failing to complete a substance-abuse evaluation, and failing to abide by his curfew. At the April 22, 2021 VOP hearing, Giles admitted that he had violated the terms of his probation by failing to attend scheduled meetings with probation. The Superior Court resentenced him to one year and eight months of incarceration, suspended for eighteen months of Level III probation. As a condition of his probation, the Superior Court ordered that Giles undergo a mental-health evaluation and comply with all recommendations for counseling and treatment. Giles did not appeal.

(5) On June 10, 2021, Giles's probation officer filed a VOP report alleging that Giles had violated the terms of his probation when he was arrested (i) for theft under $1,500 on May 13, 2021; (ii) for shoplifting under $1,500 on May 26, 2021;

and (iii) for terroristic threatening and disorderly conduct on June 6, 2021. On June 7, 2021, Giles was taken into custody and held for a VOP based on these new charges. On July 29, 2021, the Superior Court held a hearing and modified Giles's bail to an unsecured amount "so that [Giles] could be afforded the opportunity to receive treatment from the Promise Program to address his substance abuse and mental health issues."[1] The Superior Court also continued Giles's VOP hearing to allow him to resolve the new charges in the Court of Common Pleas.

(6) On August 20, 2021, Giles's probation officer filed another VOP report, alleging that Giles had also violated the terms of his probation by failing to report to probation and testing positive for cocaine and marijuana. The report also noted that Giles failed to engage in treatment with the Promise Program. As part of his sentencing recommendation, Giles's probation officer endorsed enrolling Giles in mental health court.

(7) At his December 17, 2021 VOP hearing, Giles admitted that he had violated the terms of his probation by testing positive for illegal substances. The Superior Court resentenced Giles to one year and five months of incarceration, suspended after the successful completion of a Level V program (chosen at the discretion of the Department of Correction) for six months of home confinement followed by eighteen months of Level III probation. This appeal followed.

---

[1] App. to Answering Br. at B50 (8/20/21 VOP report).

3

(8)     On appeal, Giles arguments may be fairly summarized as follows: (i) the Superior Court denied his due process rights by denying his motion for transcripts at State expense in connection with his appeal; (ii) his April 2021 and December 2021 VOP sentences are illegal because they exceed the two-year maximum sentence for theft of a motor vehicle; (iii) his December 2021 sentence is illegal because he should have been transferred to mental health court as recommended by his probation officer; and (iv) he had already served the two-year maximum sentence at the time of his December 2021 VOP hearing. The State argues that Giles's claims are unavailing but concedes that the probationary period of Giles's sentence exceeds the statutory limit established by 11 *Del. C.* § 4333(b)(3). We agree that Giles's claims are without merit but that a remand is nevertheless in order.

(9)     As a preliminary matter, Giles's claim that the Superior Court's denial of his request for transcripts violated his due process rights is without merit.[2] And we note that the State attached the April 2021 and December 2021 VOP hearing transcripts to its answering brief, and Giles had them for the purposes of preparing a reply brief.[3]

---

[2] *See Demby v. State*, 2014 WL 4898138, at *2 (Del. Sept. 29, 2014) (observing that the Superior Court has the discretion to deny an appellant's request for transcripts in connection with collateral attacks to his criminal conviction).

[3] Although Giles filed his notice of appeal in this Court on January 6, 2022, and his motion for transcripts at State expense in the Superior Court on February 7, 2022, it appears that the Superior Court was unaware that Giles had appealed his VOP sentence. When a defendant has filed a notice

4

(10) Turning to the validity of Giles's sentence, Giles's claims that his December 2021 VOP sentence is illegal—at least for the reasons he cites—are unavailing.[4] This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence falls within statutory limits.[5] After finding that a probationer has violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[6] The record reflects that (i) contrary to Giles's claims, at the time of the December 2021 VOP hearing, he had not served two years for theft of a motor vehicle; (ii) the Superior Court did not increase his sentence beyond the two-year maximum sentence; and (iii) the Superior Court properly credited Giles with the time he had previously served on the underlying conviction. The record also reflects that Giles was given, but declined, the opportunity to engage with a mental-health treatment provider. Moreover, regardless of the probation officer's wish to have Giles enrolled in mental health

---

of appeal from a VOP hearing, the better practice is for the Superior Court to grant his motion to obtain the transcripts of the hearing at State expense. *See Pucci v. State*, 2011 WL 141330, at *1 (Del. Apr. 12, 2011) (noting that the Court had ordered the Superior Court to supply the appellant with VOP transcripts at State expense to enable the Court to evaluate the merits of the appellant's claims on appeal).

[4] To the extent Giles raises objections to his April 2021 VOP sentence, from which he did not appeal, they are not justiciable in this appeal from his December 2021 VOP sentence. *Spencer v. State*, 2014 WL 1258301, at *2 (Del. Mar. 25, 2014).

[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

court, the Superior Court is not bound by a probation officer's sentencing recommendation.[7]

(11)   Although Giles's claims have no merit, the State concedes that the probationary period of Giles's sentence exceeds the one-year statutory limit for felonies that are neither violent nor drug-related.[8]  We agree and conclude that the proper course of action is to vacate the Superior Court's December 2021 VOP sentencing order and remand for resentencing.  Giles is entitled to be present and represented by counsel when he is resentenced.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Superior Court's finding that the appellant violated the terms of his probation be AFFIRMED.  The Superior Court's December 17, 2021 sentencing order is VACATED, and the matter is hereby REMANDED to the Superior Court for further proceedings consistent with this Order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[7] *Imle v. State*, 2020 WL 3397465, at *1 (Del. June 18, 2020).
[8] 11 *Del. C.* § 4333(b)(3) (providing, in part, that the length of any probationary period for shall be limited to one year for offense that is neither violent nor drug-related).

6