IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JALEN SOTO, | § | |
| | § | No. 263, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID Nos. 1512000932B (K) |
| Appellee. | § | 1604007771 (K) |
| | § | |

Submitted: September 13, 2022
Decided: November 14, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## <u>**ORDER**</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     Jalen Soto filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Soto's opening brief that his appeal is without merit.  We agree and affirm.

(2)     On February 15, 2017, Soto resolved two cases by pleading guilty to one count of possession of ammunition by a person prohibited (PABPP) and one count of second-degree conspiracy.  The Superior Court immediately sentenced Soto in accordance with the plea agreement as follows: (i) for PABPP, to fifteen years of

Level V incarceration, suspended after two years for one year of Level III probation; and (ii) for second-degree conspiracy, to two years of Level V incarceration, suspended for one year of Level III probation. Soto did not appeal his convictions or sentence.

(3) On May 29, 2018, the Superior Court found Soto in violation of the terms of his probation and resentenced Soto for PABPP to thirteen years of incarceration, suspended for six months of Level IV (work release) supervision followed by one year of Level III probation. For second-degree conspiracy, the Superior Court reimposed its sentence of two years of incarceration, suspended for one year of Level III probation. On November 18, 2019, the Superior Court again found Soto in violation of the terms of his probation and resentenced him as follows: (i) for PABPP, to twelve years and eleven months of incarceration, suspended after thirty days followed by decreasing levels of supervision; and (ii) for second-degree conspiracy, to two years of incarceration, suspended for eighteen months of Level III probation.

(4) On July 21, 2021, the Superior Court found Soto in violation of the terms of his probation for a third time and resentenced him as follows: (i) for PABPP, to twelve years and ten months of incarceration, suspended after Soto's successful completion of a Level V program (to be chosen by the Department of Correction) followed by decreasing levels of supervision; and (ii) for second-degree conspiracy,

2

to two years of incarceration, suspended for one year of Level III probation. Soto did not appeal, but he did file two motions for sentence modification or review. The Superior Court denied both motions, finding that Soto's sentence remained appropriate for the reasons stated at the violation of probation (VOP) hearing.

(5) In June 2022, Soto's probation officer filed a VOP report, alleging that Soto had violated the terms of his probation by violating a no-contact order put in place by the Family Court that prohibited Soto from contacting his two children and the children's mother. At the July 1, 2022 VOP hearing, Soto, through counsel, admitted the violation. The Superior Court then re-sentenced Soto as follows: (i) for PABPP, to twelve years and four months of incarceration, suspended after one year—to be served without benefit of good-time credit or early release under 11 *Del. C.* § 4204(k)—followed by decreasing levels of supervision; and (ii) for second-degree conspiracy, to two years of incarceration, suspended for one year of Level III probation. This appeal followed.

(6) On his opening brief on appeal, Soto argues that the Superior Court failed to credit him with the time he served on his sentence between July 29, 2021, and July 1, 2022. Soto's claim is unavailing.

(7) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[1] Once a

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

defendant has admitted that he has violated the terms of his probation—as Soto did here—the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[2] The Superior Court credited Soto with six months of Level V time in its July 1, 2022 sentence. Soto does not claim, and the record does not reflect, that Soto remained incarcerated at Level V supervision until July 1, 2022. To the contrary, the record reflects that Soto was released to Level IV supervision (work-release) in December 2021.[3] Soto is not entitled to credit for time served at the work-release center.[4]

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[3] State's Mot. to Affirm, Exhibit N.

[4] *Johnson v. State*, 1997 WL 70827, at *1 (Del. Feb. 12, 1997) (rejecting the defendant's argument that he should have been credited with the time he served at Level IV work release).