IN THE SUPREME COURT OF THE STATE OF DELAWARE

DERIOUS JOHNSON,       §
      § No. 148, 2023
      Defendant Below,       §
      Appellant,       § Court Below–Superior Court
      § of the State of Delaware
      v.       §
      § Cr. ID Nos. 0212015251 (N)
      STATE OF DELAWARE,       §       0304007340 (N)
      §
      Appellee.       §

Submitted: August 18, 2023
Decided: October 30, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Derious Johnson, appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Johnson's opening brief that his appeal is without merit. We agree and affirm.

(2) In January 2001, Johnson pleaded guilty to first-degree robbery in Case Number 9912018785, and the Superior Court immediately sentenced him to five years of incarceration, suspended after two years for three years of Level III probation. In March 2003, Johnson pleaded guilty to escape after conviction in Case

Number 0212015251, and the Superior Court immediately sentenced Johnson to two years of incarceration, suspended after ninety days for ninety days of Level IV supervision (VOP Center) followed by eighteen months of Level III probation.

(3)     In June 2003, the Superior Court found that Johnson had violated the terms of his probation and re-sentenced him as follows: for robbery, to two years of incarceration, no probation to follow; and for escape, to eighteen months of Level III probation.

(4)     In October 2003, a Superior Court jury found Johnson guilty of first-degree rape in Case Number 0304007340.  Following a presentence investigation, the Superior Court sentenced Johnson as a habitual offender under 11 *Del. C.* § 4214 to life imprisonment.  On July 26, 2019, after the General Assembly amended Section 4214 to permit the Superior Court to modify certain habitual-offender sentences, the Superior Court granted Johnson's motion to modify his life sentence for rape and re-sentenced him to ninety-nine years of incarceration, suspended immediately for four years of Level IV supervision (DOC discretion), suspended after six months for two years of Level III probation.

(5)     On October 15, 2020, the Superior Court found Johnson had violated the terms of his probation and re-sentenced him as follows: for escape, to one year and nine months of incarceration, suspended for eighteen months of Level III probation; and for rape, to ninety-nine years of incarceration, suspended after the

2

successful completion of a Level V program (DOC discretion) for six months Level IV (DOC discretion) followed by eighteen months of Level III probation.[1] Johnson did not appeal.

(6) In November 2022, Johnson's probation officer filed a VOP report alleging that Johnson had violated the terms of his probation by, among other things, failing to report to his probation officer and cutting off his GPS ankle bracelet. At the March 30, 2023 VOP hearing, Johnson objected to the State's recommendation that he be re-sentenced on the escape conviction because, he claimed, he had served the two-year sentence that the Superior Court had imposed at his 2003 VOP hearing for that conviction. The Court reviewed Johnson's criminal history with him and noted that the 2003 sentencing order reflected that the Superior Court had sentenced Johnson to two years of incarceration for his *robbery* conviction in Case Number 9912018785 and to an eighteen-month suspended sentence for his escape conviction in Case Number 0212015251. Johnson acknowledged that this summary of his record made "total sense."[2] Johnson thereafter declined the court's offer to delay the VOP hearing to permit Johnson to research his record further and admitted that he had violated the terms of his probation by failing to report to his probation officer. The court therefore found that Johnson had violated the terms of his probation, and,

---

[1] The Superior Court later modified the sentencing order to clarify that Johnson was required to complete a DOC-approved inpatient drug treatment program.
[2] Opening Br., Ex. D.

on April 11, 2023,[3] re-sentenced Johnson as follows: for escape, to six months of incarceration with no probation to follow; and for rape, to ninety-seven years, five months, and nineteen days of incarceration, suspended after nine months for four years of Level IV supervision (Home Confinement), suspended after one year of Level IV supervision for two years of Level III probation (GPS monitoring). This appeal followed.

(7) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[4] Specifically, the Superior Court need only be satisfied that "the conduct of the probationer has not been as good as required by the conditions of probation."[5] Once the Superior Court determines that a defendant has violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[6]

(8) In his opening brief on appeal, Johnson does not dispute that he violated the terms of his probation. Instead, Johnson argues that he could not be re-sentenced on his escape conviction at either his 2020 VOP hearing or his 2023 VOP hearing because he had already served his sentence for escape and that the 2019 modification

---

[3] The court deferred sentencing to research which DOC programs, if any, Johnson had already completed.
[4] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[5] *Id.* (citation omitted).
[6] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

of Johnson's life sentence for rape "voided" his escape conviction. Johnson also claims that he could not be re-sentenced to Level V time on his rape conviction because he successfully completed the Level IV portion of that sentence and that the Superior Court improperly denied in part his motion for transcripts at State expense. Johnson's arguments are unavailing.

(9) *First*, it is clear from the record that Johnson had not served the balance of his suspended sentence for escape, and the six-month prison sentence imposed by the Superior Court did not exceed the amount of Level V time remaining on the original sentence. *Second*, the Superior Court's modification of Johnson's habitual-offender life sentence for rape did not affect in any way Johnson's conviction and sentence for escape. *Third*, and as noted above, the Superior Court could legally impose any amount of Level V time remaining on Johnson's original sentence after it found that Johnson had violated the terms of his probation—even if that violation was "technical," as Johnson claims his was. *Finally*, the Superior Court did not abuse its discretion when it denied Johnson's request for transcripts at State expense for the June 26, 2003 VOP hearing, the July 26, 2019 re-sentencing hearing, or the October 15, 2020 VOP hearing, none of which are properly at issue in this appeal.[7]

---

[7] *See Warrington v. State*, 2006 WL 196433, at *2 (Del. Jan. 24, 2006) ("Absent a showing of a particularized need for a transcript, the Superior Court is within its discretion to deny a motion for a transcript at State expense.").

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ N. Christopher Griffiths*
Justice