IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TINA CREED, | § | |
| | § | No. 409, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1810001874 (K) |
| STATE OF DELAWARE, | § | 1903017054 (K) |
| | § | |
| Appellee. | § | |

Submitted: February 15, 2024
Decided: April 29, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, her supplemental opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)　The appellant, Tina Creed, appeals the Superior Court's order sentencing her for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Creed's opening briefs that her appeal is without merit. We agree and affirm.

(2)　In March 2019, Creed pleaded guilty to one count of misdemeanor theft in Criminal Case No. 1810001874. The Superior Court sentenced her to one year of incarceration, suspended for one year of Level II probation. Two weeks later,

Creed's probation officer filed an administrative warrant alleging that Creed was in violation of the terms of her probation because she had been arrested for new criminal charges in Criminal Case No. 1903017054. The Superior Court found her in violation and resentenced her to one year of incarceration, suspended for one year of Level II probation, later modified to be followed by one year of Level I probation (restitution only). In Criminal Case No. 1903017054, Creed pleaded guilty to one count of first-degree criminal trespass and one count of endangering the welfare of a child. For criminal trespass, the Superior Court sentenced Creed to one year of incarceration, suspended for one year of Level II probation followed by one year of Level I probation (restitution only).[1]

(3)     On August 5, 2022, the Superior Court found that Creed had violated the terms of her probation in both cases and resentenced her as follows: for criminal trespass, to one year of incarceration suspended for one year Level III probation (with GPS and TASC monitoring) followed by one year of Level I probation (restitution only); and for misdemeanor theft, to eleven months and seventeen days of incarceration, suspended for one year of Level III probation followed by one year of Level I probation (restitution only).

(4)     In September 2023, Creed's probation officer filed an administrative warrant alleging that Creed had violated the terms of her probation by: (i) failing to

---

[1] The Superior Court imposed a fine for endangering the welfare of a child.

report to her probation officer or her TASC officer as directed; and (ii) failing to comply with TASC's drug screening requirements. Following a hearing on October 6, 2023, the Superior Court found that Creed had violated the terms of her probation and resentenced her as follows: for misdemeanor theft, to eleven months and seventeen days of incarceration, suspended after the successful completion of a Level V treatment program for one year of Level III probation followed by one year of Level I probation (restitution only); and for criminal trespass, to nine months and eight days of incarceration, suspended after the successful completion of a Level V treatment program for one year of Level III probation followed by one year of Level I probation (restitution only). This appeal followed.

(5) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[2] Once the Superior Court determines that a defendant has violated the terms of her probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[3]

(6) In her opening brief on appeal,[4] Creed's claims may be fairly summarized as follows: (i) she did not want to admit to the VOP; (ii) she believed

---

[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[4] The Court has consolidated the arguments Creed makes in her opening brief with those she makes in her supplemental opening brief.

her charges had been resolved at a TASC status hearing held on September 21, 2023; and (iii) the probation officer's sentencing recommendation was unfair. In connection with these arguments, Creed complains of ineffective assistance of counsel. We find no merit to Creed's claims.

(7) First, it is clear from the entirety of the VOP hearing transcript that Creed admitted to violating the terms of her probation when, in her words, she "fell off track."[5] Second, the court explained to Creed that since the TASC hearing, "there was confirmation of a positive test that the [c]ourt did not have the benefit of at the time of the TASC hearing."[6] Third, the "fairness" of Creed's probation officer's sentencing recommendation is not an appropriate issue for appeal. In any event, Creed's VOP sentence does not exceed the balance of Level V time remaining on her original sentence. Finally, it is settled Delaware law that this Court will not ordinarily consider allegations of ineffective assistance of counsel made for the first time on direct appeal,[7] and we see no reason to deviate from this rule here.

---

[5] State's Mot. to Affirm, Ex. E at 7; *see also id.* at 4 ("I had one mess-up when he came home."); Suppl. Opening Br. at 2 ("[I]t wasn't like I messed up the whole time.").
[6] State's Mot. to Affirm, Ex. E at 6.
[7] *Foster v. State*, 2009 WL 1456992, at *2 (Del. May 26, 2009) (citing *Desmond v. State*, 654 A.2d 821, 829 (Del. 1994)).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice