IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAHMIER ROBINSON, §
§ No. 45, 2025
Defendant Below, §
Appellant, § Court Below–Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 2205012511 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: February 14, 2025
Decided: April 9, 2025

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Jahmier Robinson appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest from the face of Robinson's opening brief that his appeal is without merit. We agree and affirm.

(2)    On February 14, 2023, Robinson pleaded guilty to one count of possession of a firearm by a person prohibited. The Superior Court immediately sentenced Robinson in accordance with the plea agreement to eight years of

incarceration, suspended for eighteen months of Level III probation. Robinson did not appeal his conviction or sentence.

(3) On May 24, 2023, the Superior Court found that Robinson had violated the terms of his probation and resentenced him to eight years of incarceration, suspended for three months of Level IV probation and eighteen months of Level III probation with GPS monitoring. On October 31, 2023, the Superior Court found that Robinson had again violated the terms of his probation and resentenced him to eight years of incarceration, suspended after three months for twelve months of Level III probation with GPS monitoring.

(4) In April 2024, Robinson's probation officer filed an administrative warrant, alleging that Robinson had violated the terms of his probation because he had been arrested for third-degree assault. At Robinson's request, the Superior Court continued his May VOP hearing pending the resolution of that charge. In August 2024, Robinson's probation officer filed another administrative warrant, alleging that Robinson had violated the terms of his probation because he had been arrested an additional three times and cut off his GPS ankle monitor.

(5) On January 27, 2025, Robinson resolved his four sets of criminal charges in the Family Court by pleading guilty to one count of third-degree assault

2

and one count of criminal mischief.[1]  The Family Court sentenced Robinson to one year and thirty days of incarceration with credit for time served to be applied to his Superior Court case, suspended for one year of Level III probation.

(6)  Having resolved his new criminal charges, Robinson appeared for his VOP hearing in the Superior Court on January 29, 2025.  The Superior Court found that Robinson had violated the terms of his probation and resentenced him to seven years and nine months of incarceration, suspended after six months followed by decreasing levels of supervision.  This appeal followed.

(7)  Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[2]  The Superior Court need only be reasonably satisfied that "the conduct of the probationer has not been as good as required by the conditions of probation."[3]  Once the Superior Court has determined that a probationer has violated the terms of his probation, it may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[4]

(8)  In his opening brief on appeal, Robinson does not argue that he did not violate the terms of his probation or that his VOP sentence exceeds the balance of

---

[1] Because all of Robinson's criminal charges were misdemeanors that involved his ex-girlfriend with whom he shares a child, they were filed in the Family Court. *See* 10 *Del. C.* § 922(a)(2).
[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[3] *Id.* (citation omitted).
[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

Level V time remaining on his original sentence. Instead, Robinson claims that his due process rights were violated because the Family Court "agreed" that if Robinson pleaded guilty in the Family Court, "the VOP charge in the Superior Court would be voided."[5] As this Court has held many times, it is the appellant's obligation to supply those portions of the record that are relevant to any claims on appeal.[6] Because Robinson has not provided the Court with the transcript of the Family Court hearing, we are unable to review his claim that the Family Court judge made any sort of representation to him regarding the disposition of his Superior Court case. But the Family Court paperwork undermines Robinson's claim: on the Adult Guilty Plea Colloquy form, Robinson acknowledged that he understood that "[his] guilty plea will be a violation of probation or parole,"[7] and the sole reference to Robinson's VOP case on the Adult Sentencing Order form is the Family Court judge's notation that "credit for time served [will] be applied to [Robinson's] Sup[erior Court] sentence."[8]

---

[5] Opening Br. at 3.
[6] *Tricoche v. State*, 525 A.2d 151, 154 (Del. 1987).
[7] Mot. to Affirm, Ex. M.
[8] *Id.*, Ex. O.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of Superior Court be AFFIRMED. Robinson's request for an evidentiary hearing is MOOT.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice