IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WAYNE O. REVEL, | § | |
| | § | |
| Defendant Below, | § | No. 236, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1904008958, |
| | § | 1906000518 (S) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 20, 2021
Decided: September 10, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the opening brief, the motion to remand, the response, and the record on appeal, it appears to the Court that:

(1) The appellant, Wayne O. Revel, filed this appeal from a Superior Court order denying his motions for sentence correction and modification under Superior Court Criminal Rule 35. In his opening brief, Revel argues that his 2021 violation of probation ("VOP") sentence[1] for disregarding a police signal in Criminal ID No. 1906000518—eighteen months of Level V incarceration, suspended after successful completion of a Level V substance abuse treatment program for eighteen months of

---

[1] The VOP sentence was imposed in May 2021 and corrected in June 2021.

Level III probation—is illegal because he already served a year of Level V time on the original two-year sentence imposed in February 2020.[2] He also argues that the Superior Court erred in treating his June 2021 motion for modification of the VOP sentences imposed in Criminal ID Nos. 1904008958 and 190600518 as an untimely motion for modification of the original sentences imposed in 2020.

(2) Instead of filing an answering brief, the State filed a motion to remand this matter to the Superior Court for correction of an illegal sentence. The State concedes that the Superior Court's denial of the motion for sentence correction should be reversed because the eighteen-month Level V VOP sentence for disregarding a police signal in Criminal ID No. 1906000518 exceeds the sentence permitted by law.[3] The State also notes that the eighteen-month probationary sentence exceeds the one-year statutory limit for offenses that are neither violent felonies nor drug-related.[4] The State does not address the Superior Court's denial of the motion for sentence modification. In his response to the motion to remand, Revel reiterates the arguments in his opening brief.

(3) We agree that the proper course of action is to reverse the Superior Court's denial of the motion for sentence correction and to remand this matter to the

---

[2] *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005) (holding that the Superior Court erred in imposing more Level V time for a VOP than remained on the defendant's suspended Level V sentence).

[3] Motion to Remand ¶ 7.

[4] *Id.* (citing 11 *Del. C.* § 4333(b)).

Superior Court for resentencing. Upon remand, the Superior Court shall resentence Revel for disregarding a police signal in Criminal ID No. 1906000518. The Superior Court should also consider whether any of the other probationary sentences imposed for Revel's VOP in Criminal ID Nos. 1904008958 and 1906000518 exceed the time permitted by 11 *Del. C.* § 4333. Revel shall be represented by counsel when he is resentenced. In light of the remand for resentencing, the Court declines to rule on the denial of the motion for sentence modification, but notes that the motion was timely as it was filed within ninety days of the VOP sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED, and the matter is REMANDED to the Superior Court for further action in accordance with this order. Jurisdiction is not retained.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

3