IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES E. WILLIAMS, | § | |
| | § | No. 404, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1610009536 (S) |
| Appellee. | § | |

Submitted: April 11, 2022
Decided: June 9, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)   James E. Williams filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Williams' opening brief that his appeal is without merit. We agree and affirm.

(2)   In 2016, Williams, then a nineteen-year-old male, was indicted for six sex offenses arising out of his physical contact with a thirteen-year-old female. On April 19, 2017, Williams pleaded guilty to one count of fourth-degree rape and one count of unlawful sexual contact, and the State agreed to dismiss the remaining

charges. After a presentence investigation, the Superior Court sentenced Williams as follows: for fourth-degree rape, to fifteen years of Level V incarceration, suspended after the successful completion of the Transitions Sex Offender Program for decreasing levels of supervision; and for unlawful sexual contact, to three years of Level V incarceration, suspended for two years of Level III probation. Williams did not appeal his convictions or sentence.

(3)     In 2019, the Superior Court found that Williams had violated the terms of his probation. The Superior Court re-sentenced Williams on the fourth-degree rape conviction to twelve years and seven months of Level V incarceration, suspended for six months served in a program chosen by the Department of Corrections followed by two years of Level III probation with GPS-monitoring. On the unlawful-sexual-contact conviction, the Superior Court re-imposed the original sentence of three years of Level V incarceration, suspended for two years of Level III probation. In April 2021, the Superior Court again found that Williams had violated the terms of his probation. The Superior Court re-sentenced Williams on the fourth-degree rape conviction to eleven years and ten months, suspended for nine months of Level IV work release followed by one year of Level III probation. On the unlawful-sexual-contact conviction, the Superior Court sentenced Williams to three years of incarceration, suspended for six months of Level III probation.

(4) In October 2021, Williams' probation officer filed a VOP report, alleging that Williams had violated the terms of his probation by failing to follow the rules of the work-release center. Specifically, the VOP report alleged that Williams had violated the work-release center's rules because he was fired from his job at a fast-food restaurant because he had been accused of sexually harassing a fifteen-year-old female. Following his termination, Williams was transferred from the work-release center to the VOP center where he allegedly also violated the terms of his probation by resisting a strip search. On October 28, 2021, the Superior Court found Williams in violation of the terms of his probation for a third time and deferred sentencing until Williams' probation officer was available to address the court. On November 19, 2021, the Superior Court sentenced Williams on the fourth-degree rape conviction to eleven years and two months of Level V incarceration, suspended after two years and the successful completion of a Level V program selected by DOC for one year of Level III probation, and on the unlawful sexual contact conviction, to three years of Level V incarceration, suspended for one year of Level III probation. This appeal followed.

(5) On appeal, Williams contends that (i) contrary to the allegations in the VOP report, he complied with the strip search at the VOP center and (ii) his sentence is excessive. Williams' claims are unavailing.

3

(6)     To the extent that Williams argues his probation should not have been revoked based on his failure to comply with DOC's strip-search request, this Court has held many times that it is the appellant's obligation to supply those portions of the transcript of the proceedings below that are necessary to give the Court a fair and accurate account of the context in which the alleged errors arose.[1] Williams did not provide the Court with the VOP hearing transcript. Without it, the Court has no basis to review Williams' apparent claim that the evidence presented did not support a VOP. In any event, Williams acknowledges in his opening brief that he was terminated from his job because he had been accused of sexual harassment. Probation is an "act of grace," and the Superior Court has broad discretion in deciding whether to revoke a defendant's probation.[2] In a VOP hearing, the State is only required to prove by a preponderance of the evidence that the defendant violated the terms of his probation.[3] A preponderance of evidence is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4] Under the circumstances presented here, we conclude that the Superior Court did not abuse its discretion when it revoked Williams' probation.

---

[1] *Trioche v. State*, 525 A.2d 151, 154 (Del. 1987).
[2] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[3] *Id.*
[4] *Id.*

4

(7)     Williams' argument that his sentence is excessive is also without merit. "Appellate review of a sentence is limited to whether the sentence falls within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates that are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[5] When a sentence falls within the statutory limits, we review it for abuse of discretion.[6] We will not find that the Superior Court abused its discretion unless it is clear that the sentencing judge relied on impermissible factors or exhibited a closed mind.[7] After finding that a probationer has violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[8] Although Williams faced more than fourteen years in backup Level V time, the Superior Court only sentenced him to two years of unsuspended incarceration. The sentence imposed by the Superior Court clearly falls within statutory limits. And we note that the allegation in the VOP report—that Williams was fired from his job because he sexually harassed a teenage female—reflects Williams' need for continued treatment, as noted by the Superior Court in its sentencing order. Under the circumstances, we find no abuse of discretion.

---

[5] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[6] *Id.*
[7] *Id.*
[8] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm be GRANTED and the judgment of the Superior Court be AFFIRMED.

BY THE COURT:

_/s/ Collins J. Seitz, Jr._
Chief Justice