IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DUSTIN RITCHIE, | § | |
| | § | No. 249, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1812011097 (N) |
| Appellee. | § | |

Submitted: October 17, 2022
Decided: December 29, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Dustin Ritchie, filed this appeal from the Superior Court's violation-of-probation sentencing order. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Ritchie's opening brief that his appeal is without merit. We agree and affirm, but we remand the matter to the Superior Court to issue a modified sentencing order because, as the State laudably concedes, it appears that the Superior Court did not properly credit Ritchie with the time he previously served at Level V incarceration or the Level IV violation-of-probation center.

(2) The record reflects that Ritchie pleaded guilty on August 19, 2019, to third-degree conspiracy as a lesser-included offense to second-degree conspiracy. The Superior Court immediately sentenced him in accordance with the plea agreement to one year of incarceration, suspended for one year of Level II probation. Ritchie did not appeal.

(3) In November 2019, Ritchie was charged with violating the terms of his probation by, among other things, testing positive for illegal substances and failing to report to his probation officer. In supplemental VOP reports, Ritchie was also charged with violating the terms of his probation by committing new criminal offenses. On March 29, 2022, the Superior Court found Ritchie in violation of the terms of his probation and sentenced him to one year of incarceration, suspended after thirty days for one year of Level III probation.

(4) In May 2022, Ritchie was charged with violating the terms of his probation by failing to report his probation officer and failing to complete a court-ordered substance-abuse evaluation. On June 28, 2022, the Superior Court found Ritchie in violation of the terms of his probation and sentenced him to one year of incarceration, suspended after the successful completion of a Level V substance-abuse-treatment program with the balance of the sentence to be served on Level III probation. This appeal followed.

(5) In his opening brief on appeal, Ritchie does not dispute that he violated

2

the terms of his probation but asks the Court to reduce his sentence to six months of incarceration with no probation to follow. We find no merit to Ritchie's argument.

(6) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[1] Once the Superior Court has found that a defendant has violated the terms of his probation, it may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[2] If the sentence falls within statutory limits, the sentence will not be disturbed on appeal unless the defendant can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind when imposing the sentence.[3] Ritchie's sentence falls within statutory limits and Ritchie does not suggest (and the record does not reflect) that the sentencing judge relied on impermissible factors or exhibited a closed mind when he imposed Ritchie's sentence. Nevertheless, it appears that the Superior Court did not properly credit Ritchie with the time he previously served at Level V incarceration or at the Level IV VOP center on his third-degree conspiracy conviction. Accordingly, this matter must be remanded to the Superior Court for the issuance of a new sentencing order that gives Ritchie credit for any time he previously served at Level V incarceration or the Level IV VOP center on his current sentence.

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).
[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The matter is hereby REMANDED to the Superior Court with directions to enter a modified sentencing order in accordance with this Order.

BY THE COURT:


/s/ James T. Vaughn, Jr.
Justice

4