IN THE SUPREME COURT OF THE STATE OF DELAWARE

ADAM KOSSMAN,       §
      § No. 95, 2023
      Defendant Below,       §
      Appellant,       § Court Below—Superior Court
      § of the State of Delaware
      v.       §
      § Cr. ID No. 2207003267 (K)
STATE OF DELAWARE,       §
      §
      Appellee.       §

Submitted: May 4, 2023
Decided: May 31, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) The appellant, Adam Kossman, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP"). The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Kossman's opening brief that his appeal is without merit. We agree and affirm.

(2) In September 2022, a grand jury charged Kossman with drug possession and drug dealing. On October 25, 2022, Kossman pleaded guilty to drug possession. The Superior Court sentenced Kossman, effective July 7, 2022, to two

years of Level V incarceration, suspended immediately for one year of Level III probation that included evaluation and monitoring by TASC. Kossman did not appeal.

(3) On January 11, 2023, the Department of Correction ("DOC") requested issuance of a capias for Kossman's VOP. The probation officer alleged that Kossman had failed to report to his probation officer since December 13, 2022 and all efforts to reach him had been unsuccessful. The capias was returned on February 9, 2023. On February 16, 2023, DOC filed a supplemental VOP report alleging that Kossman had been arrested on new criminal charges, including resisting arrest and possession of drug paraphernalia, in violation of his probation. The probation officer recommended that the Superior Court sentence Kossman to two years of Level V incarceration, suspended after 90 days of Level V incarceration, followed by six months of Level IV DOC discretion and one year of Level III probation.

(4) After a hearing on February 24, 2023, the Superior Court found that Kossman had violated his probation. The Superior Court sentenced Kossman to one year and eight months of Level V incarceration, suspended after six months of Level V incarceration to be served without the benefit of any form of early release under 11 *Del. C.* § 4204(k), followed by one year of Level III probation. This appeal followed.

2

(5)     In his opening brief, Kossman does not dispute that he violated his probation, but contends that the Superior Court should not have sentenced him to a longer sentence than what the probation officer recommended for his "technical" VOP.[1]

(6)     This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[2] When the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[3]

(7)     Once Kossman committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Kossman's sentence.[4]  Kossman's VOP sentence—one year and eight months of Level V incarceration, suspended after six months of Level V incarceration to be served under 11 *Del. C.* § 4204(k) for one year of Level III probation—does not exceed the Level V time remaining on his original sentence.  Kossman conclusorily alleges that the Superior Court judge must have been biased to sentence him to a longer sentence than what the probation officer recommended, but the Superior

---

[1] Opening Brief at 1.
[2] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[3] *Id.*
[4] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

Court was not bound by the probation officer's recommendation.[5] The Superior Court could reasonably conclude that Kossman's probation violations, which included failure to report to his probation officer and his arrest for new charges, were not "technical" as Kossman contends and merited a longer Level V sentence than the probation officer's recommended sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/Karen L. Valihura*
Justice

---

[5] *See, e.g., Imle v. State*, 2020 WL 3397465, at *1 (Del. June 18, 2020) (recognizing that the Superior Court is not bound by the probation officer's sentencing recommendation).

4