IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM RAMOS, | § | |
| | § | No. 188, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2012007848 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: October 20, 2023
Decided: January 2, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, William Ramos, filed this appeal from a Superior Court order sentencing him for a violation of probation ("VOP").  The State has moved to affirm the judgment below on the ground that it is manifest on the face of Ramos's opening brief that his appeal is without merit.  We affirm the Superior Court's finding that Ramos violated the terms of his probation, but we remand the matter to the Superior Court to issue a modified sentencing order because, as the State laudably concedes, the Superior Court did not properly credit Ramos with the Level V time he previously served.

(2)     On April 27, 2021, Ramos pleaded guilty to one count of second-degree assault and one count of resisting arrest with force or violence.  The Superior Court immediately sentenced Ramos as follows: for second-degree assault, to eight years of incarceration, suspended after nine months for eighteen months of Level III probation; and for resisting arrest, to two years of incarceration, suspended for eighteen months of Level III probation.  Ramos did not appeal his convictions or sentence.

(3)     On April 6, 2022, the Superior Court found that Ramos had violated the terms of his probation and resentenced him as follows: for second-degree assault, to seven years and three months of incarceration, suspended for six months of Level III probation with GPS monitoring followed by twelve months of Level III probation; and for resisting arrest, to two years of incarceration, suspended for eighteen months of Level III probation.  On May 19, 2022, the Superior Court again found that Ramos had violated the terms of his probation and resentenced him as follows: for second-degree assault, to seven years of incarceration, suspended after seven days for nine months of Level IV probation (or the successful completion of a Level IV substance-abuse treatment program) followed by decreasing levels of supervision; and for resisting arrest, to two years of incarceration, suspended for eighteen months of Level III probation.

(4) In March 2023, Ramos's probation officer filed a VOP report alleging that Ramos had violated the terms of his probation because he had failed to report to his probation officer as directed and had tested positive for illegal substances. At the April 26, 2023 VOP hearing, Ramos, with the assistance of counsel, admitted that he had violated the terms of his probation by testing positive for illegal substances. The Superior Court accordingly found that Ramos had violated the terms of his probation and resentenced him as follows: for second-degree assault, to seven years of incarceration, suspended after the successful completion of a Level V substance-abuse treatment program followed by twelve months of Level III probation with GPS monitoring; and for resisting arrest, to two years of incarceration, suspended for twelve months of Level III probation. Ramos appeals.

(5) In his opening brief on appeal, Ramos does not dispute that he violated the terms of his probation but argues that (i) his VOP sentence exceeds the remaining Level V time on his original sentence for second-degree assault, (ii) the Superior Court sentenced him with a closed mind, and (iii) there was an unnecessary delay between his incarceration for his alleged probation violation and his VOP hearing.

(6) Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[1] Once the Superior Court has found that a defendant has violated the terms of his probation, it

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

3

may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[2] If the sentence falls within statutory limits, the sentence will not be disturbed on appeal unless the defendant can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind when imposing the sentence.[3] Ramos's sentence falls within statutory limits and, contrary to Ramos's claim on appeal, the VOP hearing transcript does not reflect that the sentencing judge exhibited a closed mind when fashioning Ramos's sentence. As the State concedes, however, the Superior Court did not properly credit Ramos with the Level V time he previously served on his second-degree assault conviction.[4] This matter must therefore be remanded to the Superior Court for the issuance of a new sentencing order that gives Ramos credit for the time he previously served.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED. The matter is hereby REMANDED to the Superior Court with directions to enter a modified sentencing order in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

/s/ Karen L. Valihura_____
Justice

---

[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).
[3] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).
[4] Although we find no merit to Ramos's argument that the VOP hearing was unnecessarily delayed, Ramos is, of course, entitled to credit for the time during which he was incarcerated awaiting the hearing.

4