IN THE SUPREME COURT OF THE STATE OF DELAWARE

GEORGE C. STURGIS,                    §
                                      § No. 183, 2024
        Defendant Below,              §
        Appellant,                    § Court Below—Superior Court
                                      § of the State of Delaware
        v.                            §
                                      § Cr. ID Nos. 1606000326 &
STATE OF DELAWARE,                    §  2101007997 (S)
                                      §
        Appellee.                     §

Submitted:   July 31, 2024
Decided:     September 3, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1)     On June 4, 2019, the appellant, George C. Sturgis, pleaded guilty to third-offense driving under the influence ("DUI") in Criminal ID No. 1606000326. The Superior Court sentenced him to two years of Level V incarceration, suspended after ninety days and the successful completion of the Reflections program for eighteen months of Level II probation. On June 4, 2020, a capias issued for Sturgis's violation of his probation. The capias was not returned until September 14, 2021.

(2)     On December 14, 2021, the Superior Court found that Sturgis had violated his probation in Criminal ID No. 160600326 and sentenced him to one year,

two months, and thirteen days of Level V incarceration, suspended after sixty days for one year of Level III GPS. That same day Sturgis pleaded guilty to reckless driving and third-degree assault in Criminal ID No. 2101007997. The Superior Court sentenced him to thirty days of Level V incarceration for reckless driving and one year of Level V incarceration, suspended for one year of Level III probation for third-degree assault.

(3) On May 26, 2022, the Superior Court found that Sturgis had violated his probation in Criminal ID Nos. 160600326 and 2101007997. The Superior Court sentenced Sturgis as follows: (i) for DUI, eleven months of Level V incarceration, suspended for one year of Level III probation; and (ii) for third-degree assault, one year of Level V incarceration, suspended for one year of Level III probation. On October 14, 2022, the Superior Court again found that Sturgis had violated his probation in Criminal ID Nos. 160600326 and 2101007997. The Superior Court sentenced Sturgis as follows: (i) for DUI, eleven months of Level V incarceration, suspended for one year of Level III probation; and (ii) for third degree assault, eleven months and ten days of Level V incarceration, suspended for completion of a Level IV program in DOC's discretion and one year of Level III probation.

(4) On July 27, 2023, a capias issued for Sturgis's violation of his probation in Criminal ID Nos. 160600326 and 2101007997. The capias was not returned until March 18, 2024. The VOP report alleged that Sturgis had not reported to or made

contact with his probation officer since July 6, 2023. After a VOP hearing on April 5, 2024, the Superior Court found that Sturgis had violated his probation. The Superior Court sentenced Sturgis to eleven months of Level V incarceration, suspended after four months and then discharged from probation as unimproved for DUI. The Superior Court discharged Sturgis from probation as unimproved for third-degree assault.

(5) On May 6, 2024, Sturgis filed a notice of appeal in this Court. Before filing his appeal, Sturgis informed the Superior Court that he had not received sufficient credit for time previously served. The Superior Court issued two corrected sentencing orders crediting Sturgis with 267 days for the third-degree assault conviction.

(6) In his opening brief, Sturgis does not dispute that he violated his probation, but instead argues that he was sentenced incorrectly for his technical violations. The State argues that Sturgis's appeal is moot because he has completed the Level V portion of his VOP sentence and been discharged from probation for both of his convictions. We agree that Sturgis's satisfaction of his VOP sentence renders this appeal moot.[1] We also note that once Sturgis committed a VOP, the Superior Court could impose any period of incarceration up to and including the

_____

[1] *See, e.g., Ross v. State*, 2015 WL 410270, at *1 (Del. Jan. 28, 2015) (dismissing appeal from VOP sentencing order as moot where the appellant had satisfied her VOP sentence).

balance of Level V time remaining on his sentence.[2]  The Level V time imposed—

four months for DUI—does not appear to exceed the Level V time remaining on that

sentence.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED as

MOOT.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[2] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).