IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSHUA LORENZ RICHARDSON, | § § | No. 191, 2024 |
| | § | |
| Defendant Below, Appellant, | § § | Court Below–Superior Court of the State of Delaware |
| | § | |
| v. | § § | Cr. ID Nos. 2205013819 (N) 2205008516 (N) |
| STATE OF DELAWARE, | § § | |
| Appellee. | § | |

Submitted: December 2, 2024
Decided: February 7, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Joshua Lorenz Richardson appeals the Superior Court's order sentencing him for a violation of probation ("VOP").  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest from the face of Richardson's opening brief that his appeal is without merit.  We agree and affirm.

(2)    In September 2023, Richardson resolved two sets of pending criminal charges by pleading guilty to one count of second-degree robbery and one count of possession of ammunition by a person prohibited. The parties agreed to recommend

that the Superior Court impose a suspended sentence, and Richardson agreed to not have any contact with the victim of the robbery—his 82-year-old mother, Cheryl Richardson. The Superior Court accepted Richardson's guilty plea and immediately sentenced him in accordance with the plea agreement to an aggregate of thirteen years of incarceration, suspended for one year of Level III probation. Richardson did not appeal his convictions or sentence.

(3)     In December 2023, Richardson's probation officer, Gavin Bethell, filed a VOP report with the Superior Court, alleging that Richardson had violated the terms of his probation by failing to report to probation, leaving the state without permission, failing to provide Bethell with his contact information after being discharged against medical advice from a substance abuse treatment facility, and contacting his mother. More specifically, Bethell informed the court that: (i) on December 4, 2023, Cheryl Richardson told Bethell that she had given Richardson a ride to Maryland at Richardson's request; and (ii) on December 19, 2023, Richardson's brother told Bethell that Richardson was en route to California with their mother and father. The court issued a capias for Richardson's arrest.

(4)     On January 2, 2024, Bethell asked the court to extend the extradition limits on the capias. In support of his request, Bethell advised the court that: (i) he believed that Richardson was holding his parents against their will; (ii) he anticipated that he would be able to identify the specific hotel where Richardson was staying by

2

monitoring Richardson's parents' credit card activity; (iii) if the extradition limits were extended, he could enlist the assistance of local law enforcement to arrest Richardson. The court approved Bethell's request. On January 31, 2024, Richardson was arrested in the company of his mother and father at the Sleep Inn & Suites in Jacksonville, Florida. Shortly thereafter, Bethell filed a supplemental VOP report to inform the court of Richardson's arrest and his new criminal charges.

(5) At the outset of the April 17, 2024 VOP hearing, Bethell summarized for the court the information contained in the VOP reports and asked that Richardson be resentenced to all of his suspended Level V time—thirteen years. Richardson, with the assistance of counsel, admitted that he had violated the terms of his probation by absconding from probation and noted that he had not been convicted of any crimes that may have arisen out of the activity referenced in the VOP reports. Speaking directly to the court, Richardson stated that he had tried to comply with the terms of his probation, acknowledged that he had violated the court's no-contact order, and vigorously disputed Bethell's version of the events that led to his arrest. The Superior Court accepted Richardson's admission that he had violated the terms of his probation and resentenced him to five years of incarceration, followed by decreasing levels of supervision. This appeal followed.

3

(6)    It is well-established that appellate review of a sentence is extremely limited.[1] When the sentence falls within the statutory limits prescribed by the legislature, we consider only "whether it is based on factual predicates [that] are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[2] Once a defendant has admitted that he violated the terms of his probation, the Superior Court may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[3]

(7)    In his opening brief on appeal, Richardson complains that his sentence is "harsh" and that the Superior Court relied on impermissible hearsay statements as well as speculative and unsubstantiated claims made by Bethell when it found that Richardson had violated the terms of his probation. We find no merit to Richardson's claims.

(8)    First—and as noted above—our review of a sentence is extremely limited. Richardson's VOP sentence does not exceed the balance of Level V time remaining on his original sentence. The Superior Court imposed a legal sentence, and we will not set it aside merely because Richardson considers it to be "harsh." We also note that the Superior Court imposed a sentence of significantly less Level V time than Bethell asked the court to impose. Second, the record does not support

---

[1] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[2] *Id.*
[3] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

Richardson's conclusory claim that the Superior Court relied on any information other than his admission that he had violated the terms of his probation when it found that he had committed a VOP.

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice