IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERTO CHERRICKS, | § | |
| | § | No. 82, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2103013595 & |
| STATE OF DELAWARE, | § | 2105010280 (K) |
| | § | |
| Appellee. | § | |

Submitted: November 21, 2025
Decided: January 27, 2026

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Roberto Cherricks, appeals a Superior Court order sentencing him for a violation of probation ("VOP"). For the reasons set forth below, we affirm the Superior Court's judgment.

(2) On February 15, 2022, Cherricks pleaded guilty to drug dealing in Criminal ID No. 2103013595 and second-degree conspiracy in Criminal ID No. 2105010280. The Superior Court sentenced Cherricks as follows: (i) for drug dealing, effective May 20, 2021, eight years of Level V incarceration, suspended for decreasing levels of supervision; and (ii) for second-degree conspiracy, two years of

Level V incarceration, suspended for one year of Level III probation. The sentencing order also provided for the Treatment Access Center ("TASC") to evaluate and monitor Cherricks.

(3) On June 10, 2022, the Superior Court found that Cherricks had violated his probation and sentenced him as follows: (i) for drug dealing, eight years of Level V incarceration, suspended for one year of Level V DOC discretion, to be suspended after successful completion of Level V DOC discretion for one year of Level III probation; and (ii) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level III probation. TASC was to oversee Cherricks' treatment while he was on Level III probation. The court later added a six-month sober living condition.

(4) On October 27, 2023, the Superior Court found that Cherricks had violated his probation and sentenced him as follows: (i) for drug dealing, effective October 10, 2023, seven years, six months, and eighteen days of Level V incarceration, suspended after two years of inpatient Level V drug treatment, to be suspended after successful completion of Level V inpatient drug treatment, followed by one year of Level IV work release and one year of Level III halfway house; and (ii) for second-degree conspiracy, two years of Level V incarceration, suspended for one year of Level III probation. There was zero-tolerance for missed treatments and

2

Cherricks continued to be subject to TASC monitoring. The Superior Court subsequently modified the sentence to remove the Level IV term.

(5) On December 9, 2024, Cherricks' probation officer filed a report alleging that Cherricks had violated his probation and requesting issuance of a capias for his arrest. The report alleged that Cherricks had violated his probation by failing to report: (i) police contact to his probation officer within seventy-hours of that contact; (ii) to his probation officer as required four times in the last thirty days; and (iii) to TASC and treatment aftercare as required.

(6) Following issuance of a capias for Cherricks' arrest and a hearing, the Superior Court found that Cherricks had violated his probation. The Superior Court sentenced Cherricks as follows: (i) for drug dealing, effective January 13, 2025, six years, six months, and five days of Level V incarceration, suspended after one year to be served without the benefit of any early release under 11 *Del. C.* § 4204(k), followed by decreasing levels of supervision; and (ii) for second-degree conspiracy, two years of Level V incarceration, suspended after one year to be served under Section 4204(k), followed by one year of Level III probation. This appeal followed.

(7) On appeal, Cherricks argues that his probation officer falsely stated that the police contact involved his purchase of illicit substances and that there was a conflict of interest because he was assigned the same probation officer and TASC

3

officer. He also argues that he was over-sentenced and that the Superior Court gave no reason for the Section 4204(k) sentencing condition.

(8)    These arguments are unavailing. Unlike in a criminal trial, the State "need prove by only by a preponderance of the evidence that a violation of probation occurred," which is "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[1] At the VOP hearing, Cherricks did not challenge testimony that he failed to report as required to his probation officer and TASC. In fact, Cherricks admitted that he violated his probation. This admission was sufficient to justify the Superior Court's revocation of his probation.[2]

(9)    As to Cherricks' contention that there was a conflict of interest because he was assigned the same probation officer and TASC officer, he has not shown that there was any such conflict of interest. The VOP hearing transcript reflects that Cherricks' probation officer was different than the TASC officer who testified.

(10)    Turning to Cherricks' challenges to his VOP sentence, this Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[3] When the sentence falls

---

[1] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006) (internal quotations omitted).
[2] *See, e.g., Powel v. State*, 314 A.3d 664, 2024 WL 707190, at *2 (Del. Feb. 20, 2024) (TABLE) (holding that a defendant's admissions at the VOP hearing constituted sufficient competent evidence of a VOP).
[3] *Kurzmann*, 903 A.2d at 714.

within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4] Once Cherricks committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on his sentence.[5] Cherricks does not contend that the Level V time imposed exceeds the Level V time remaining on his sentence. Nor has he shown that the sentence was based on improper factual predicates or the result of judicial vindictiveness, bias, or a closed mind.

(11) Before imposing the sentence, including the Section 4204(k) condition, the Superior Court reviewed Cherricks' multiple VOPs and the significant amount of restitution he owed. The court emphasized that Cherricks' probation officer had recommended a five-year Level V sentence, and stated that Cherricks would return to the community following his time in prison. When Cherricks asked to remain on probation with TASC monitoring, the court structured a sentence that included less Level V time than requested by his probation officer, even with the Section 4204(k) condition, and included probation with TASC monitoring and sober living. The record reflects that Cherricks had multiple opportunities to comply with the terms of his probation, but repeatedly failed to do so. Cherricks has not shown that the

---

[4] *Id.*
[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

5

Superior Court committed reversible error in requiring him to serve the Level V time for his latest VOP without the benefit of early release under Section 4204(k).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice